Birchard C. J.
Tho defendant, on the examination of a witness to prove the speaking of the words laid in the declaration, was allowed to ask of the witness what he understood the plaintiff to mean by the language ho usod. The first assignment presents tho inquiry, was this erroneous? In this case the words spoken had a plain, natural, and obvious meaning. In that sense the jury must have taken them. *They could have been understood in one sense only, with or without the explanation of the witness. It is difficult to see how the plaintiff could have been injured by an answer to tho question; and if he has sustained no injury, tho judgment should not be reversed on that account. There are very respectable modern authorities to sustain the ruling of the court. Tot the more numerous and older decisions are against it. As we consider the question not material to the correct determination of this cause, we give no opinion upon it.
The error secondly assigned presents tho inquiry, whether the court erred in overruling his objection to a question put to a witness, inquiring of him what he meant by a question which ho had put to the plaintiff, and which had been answered, and which conversation had boon previously narrated to the jury. This was undoubted error. It will never answer to permit one to be made liable for his conversations in this manner. There are too many means of misapprehension. The party answering a question has a right to have his answer interpreted as a roply to tho question, understood according to tho natural import of the words as comprehended and accepted by mankind in general. He is supposed to have understood them according to their common acceptation, and to have answered them in that sense. Wore the rule otherwise, it might happen that a person would bo condemned for convoying a slanderous imputation without over having made or designed it; but solely from the misfortune of having held a conversation with one who propounded questions, using words and phrases of known signification, with a hidden, secret, and forced meaning. No man can be hold responsible ior that of which he *76 could have no knowledge, and no man can be presumed to have any knowledge of what another means by words, unless they are used according to their accepted and natural import. If the question asked of the plaintiff tended at all to enable the jury to comprehend the import and force of the plaintiff’s answer thereto, it was because the answer had ^reference to the obvious import of the querist. What that was could only be gathered from his words, literally or substantially detailed.
The next error assigned, and the only one remaining to be considered, is the rejection of evidence tending to show that the' defendant was seen in the situation stated by the plaintiff, but under such circumstances as not to justify the slanderous words as spoken. It is well settled, that under the general issue, a justification can not be given in evidence, and that less than a justification is not a defense, in whole or in part, when plead. But there are frequent cases, where words are spoken under circumstances which, at the time, induced belief in their truth, and when those circumstances are afterward investigated, the speaker becomes satisfied of the falsity of the conclusions which he drew too hastily, and uttered too rashly. It is right that a jury, in passing upon such a case, should be placed in possession of the mitigating circumstances. In actions of slander, the damages should be proportioned, to some extent, to the malice and wantonness of the slanderer. The same measure of damages should not be given against him who negligently, or from mistaken information, wrongs his neighbor by words prejudicial to bis reputation, that would be assessed against one that willfully and maliciously utters falsehood, while laboring under no misapprehension. The party had a right to give in evidence the circumstances which influenced him in speaking the actionable words, in order thereby to reduce the damages. This right was violated by the rejection of the evidence, and for that also there must be a reversal of the judgment.
Judgment reversed.