Parker, J.
In the oourt below a petition was filed by The Amerioan Exchange Bank of Duluth, Minnesota, to which petition a general ‘demurrer was filed on behalf of both defendíante. This general demurrer was overruled, and the defendants not desiring to plead further, judgment was entered upon the petition and to the order of the court overruling the demurrer, and to the judgment of the court, the defendant in error prosecutes this action.
The petition sets forth that the plaintiff is a corporation; that on the first day of March, 1897, it brought an action in the court of common pleas of Lucas county, against the *537 plaintiff in error, William F. Brenzinger, to reoover the sum of $426.78 and interest upon a certain draft for that amount which had been aocepted in writing by said William F. Brenzinger. That on the 13th oí June, 1897, said cause was tried before a jury in said court, and said jury returned a verdict for the plaintiff against said Brenzinger which was fur the full amount of the claim and Brenzinger thereupon moved the court for a new trial of said cause, which said motion said court refused to grant, and ordered that said motion be overruled unless said defendant would give a bond to the plaintiff in the sum of $500, with sufficient surety to the approval of the court, conditioned that said 'defendant would pay and satisfy any judgment whioh said plaintiff might . reoover against said defendant in said action. That thereupon said defendants herein, William F. Brenzinger,as principal, and Oarrie K. Brenzinger, as surety, executed and delivered to this plaintiff their certain bond, a copy of which is given in the petition. It recites the fact that this action had been brought and judgment recovered, and undertakes in the sum of $500, that the obligors will satisfy any judgment that shall be recovered against Brenzinger upon any new trial of the case. The petition further states that this bond was approved by the oourt, and. that “thereupon, upon consideration thereof, said motion was granted and a new trial awarded to said defendant therein, to all of which this' plaintiff then and there excepted.” A copy of the journal entry is attached to the pleadings and no exceptions are taken to the form of pleading the bond, or of setting forth the journal entry; indeed it appears that by arrangement between the counsel all the facts and these evidences were set forth in the petition, so that the question might be presented to the court upon demurrer to the petition, without the taking of evidence. The petition further states that thereafter, on the 25th of April, 1898, the plaintiff again recovered a judgment in said action against said defendant Brenzinger for $326.41 with interest and costs. That this judgment is in full force and effect; that the plaintiff has been unable to obtain satisfaction of it, beoause of the insolvency of Brenzinger, and therefore this aotion is proseouted upon the bond.
The plaintiff in error contends that the demurrer to the petition should have been sustained, because he says, it appears upon the face thereof that it does not state facts sufficient to constitute a oause of ación, but that, on the other hand, it does show that the bond sued on is not valid, and this for various reasons, viz:
*538 First: Beoause it was exacted from the defendant as a condition to the granting to William F. Brenzinger of that to which he was in law entitled, to-wit, a new trial of the case in whioh the bond was given, and was not supported by a consideration which would make it valid. In other words, that- it was exaoted colore officii, and that it was not voluntarily given, but was thus compelled or extorted from the obligor. Clearly the proceedings upon the part of the court and parties, as disclosed by the petition, including the journal entry in the cause, not only do not sustain this contention, but show quite the contrary.
From the averments of the petition and from the journal entry it fairly appears that the court did not deem the defendant in that case entitled to a new trial, but rather granted it as a matter of favor, so that the case of Heffner et al v. Scranton, 27 Ohio St., 579, does not apply. In that case, the party who complained of the action of the court in giving judgment upon his failing to pay costs as required by the conditional order of tne court, was entitled to anew trial; the court had so found, and therefore it was held that the condition imposed oould not be rightfully enforoed as a.condition precedent. But it is urged that it must be presumed that the court did not grant to the defendant that to which he was not entitled by law, and that, since the court could not lawfully grant a new trial to defendant unless he was entitled to it, that he was entitled to it follows as a result of this presumption in favor of-the legality of the aotion of the court. This is a somewhat novel application of the presumption indulged in support of the legality of the actions of courts and officers, viz: that to establish that the aotion was illegal in one part it should be presumed that it was legal in a certain other part. Something like that was involved in the case of Knight et al v. The State, 54 Ohio St., 876. Plaintiffs in error were indicted for malfeasance in office; they were charged with having performed a certain act whioh. was illegal. In order to give them power to exercise the authority that it was said they were exercising in the premises, it was necessary that they should ant in Wood county. It was contended on demurrer to the indictment that the venue did not sufficiently appear; and the argument was made on behalf of the state that, since th'ey could not lawfully act upon suoh business elsewhere than in Wood oounty, it must be persumed that they did the act in Wood county, notwithstanding the fact that they were charged with having done an unlawful act. In commenting upon *539 that, in the course of the opinion by Judge Spear, he quotes with approval from the brief of counsel, this language:
“They cannot be presumed to have followed the law, as they are expressly accused of violating it. To infer that they aoted lawfully in this respect in order to support a charge that they acted unlawfully in another respect-would be a strange application of legal presumptions.”
But this argument is based upon the assumption that the oourt could not lawfully grant a new trial unless the party to whom it was granted was entitled thereto as a matter of strict legal right. This assumption, we think, is not warranted by the authorities. That the court may exercise some' discretion in the granting of new trials, and may grant a new trial upon grounds other than those enumerated in the statute, we think is evident from the authorities. And, upon that subject I avail myself of a part of the able opinion of Judge Pugsley in this oase, which reviews briefly the Ohio authorities upon this subjeot. He says:
“An examination of the statute relating to new trials,and of the decisions of the supreme court shows that oases frequently arise where a motion for a new trial is addressed to the discretion of the court, and in suoh cases, where it is in the discretion of the court to grant or refuse a new trial, it is well settled that the court may grant a new trial upon proper terms or conditions. In the case of Ferguson v. Gilbert, 16 Ohio St., 88, it was held that a motion for a new trial based on the ground that counsel were led by a misapprehension of the law to abstain from offering evidence pertinent to the issue, is addressed to the sound discretion of the court under all the circumstances of the case, and its action thereon is not subject to review upon error. So also in the case of Smith v. Bailey, 26 Ohio St., page 1, it was held that a motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the oourt, and its rulings thereon cannot be assigned for error, unless there was a manifest abuse of discretion. In the case of Heffner v. Scranton, 27 Ohio St., 479, the oourt recognized the rule that orders which lie within the discretion of the'court may be made dependent upon the performance of conditions. The judge says, in delivering the opinion of the court, ‘When the court has the power to allow or refuse, it may allow on terms which it sees fit to impose.’ There is also a class of cases where the oourt may properly refuse to grant a new trial notwithstanding the positive provisions of the statute. Seotion 5305 R. S. provides, in subdivision *540 5 that ‘a new trial shall be granted for error in the assessment of the amount of recovery, whether too large or too small, when the aotion is upon a contract or for the injury or detention of property;’ and in subdivision 6, that ‘a new trial shall bq granted where the verdict, report or decision is not sustained by sufficient evidenoe or is contrary to law.’ In the case of Durell v. Boyd, 9 Ohio St., 72, which was an action for a conversion, the trial court finding on the hearing of a motion by the defendants for a new trial that the jury had erred in the assessment of damages to the extent of $450, ordered that unless the plaintiff would remit from the verdict that sum, a new trial would be granted. The plaintiff entered the remitter and the court overruled the motion. The defendants excepted, and took the case up on error, contending that having found that the jury erred in the assessment of damages, it was the duty of the court under the statute to grant a new trial. The supreme court held that upon these facts there was no error in overruling the motion for a new trial. In the case of R. R. Co. v. Rahmann, 22 Ohio St., 446, it was held that when the damages, assessed by a jury in an action for a personal injury, are excessive, but not in a degree to necessarily imply the influence of passion or prejudice, the court in the exercise of a sound discretion may make the remitter of the excess the condition of refusing to grant a new trial. In these and similar cases it was held that neither, party oan oomplain of the aotion of the court. The plaintiff oannot complain, because the aotion of the court was with his consent. The defendant cannot Complain, beoause he is not prejudiced by 8 reduction of the verdiot. He has the samé right to object to'the verdict reduced which he had to the original verdict, and no other or different right These authorities are cited to show that it is not the duty of the court in all cases either to absolutely giant or overrule the motion for a new trial. If the granting of the motion is in the discretion of the court, it may be granted upon condition. If the evidence does not warrant so large a verdict, the court may refuse to grant the motion, if the amount for which the verdiot is excessive is remitted.”
Grounds for a motion for a new trial are set forth in section 5805. There are some other grounds, however, not in this section, but In another chapter of. the statute which provides for the granting of a new trial and other relief, after judgment. Without reading this section, I call attention to the fact that it is not therein or else *541 where provided that a new trial may be granted upon no-other grounds; but it provides that a new trial shall be granted if these grounds are made to appear. Section 5306 as it stood at the time of these transactions provided that, “A new trial shall not be granted on account of the smallness of the damages, in an action for an injury to the person or reputation, nor in any other aotion where the damages equal the aotual pecuniary injury sustained. ” It seems that the provision of section 5306, following section 5B05, to the effect that a new trial shall not be granted under certain circumstances, or for certain reasons therein set forth, stands in the way of our applying to seotion 5305 the lega Imaxim of Expressio unius est exclusio alterius. If that maxim were to be applied to section 5305, then the enactment of section 5806 would not be necessary — it would not be necessary at all to say that new trials shall not be granted for certain specific reasons, if the only causes for which a new trial could be granted were those contained in seotion 5305 or elsewhere in the statutes.
The grounds of the motion in this case do not appear, nor are the faots or reasons upon which the court proceeded in granting the order set forth in the petition or the exhibits. For aught that appears, it may have been granted because the verdict was, in the opinion of the court, obtained or brought about by some means that would not afford sufficient grounds for requiring a new trial as a matter of law, and yet would move a court in the exercise of a sound discretion to grant.it in order that justice might be promoted, provided the party who had prevailed should be placed where he would not lose the avails of his judgment if it should turn out upon a new trial that he was entitled thereto; and the imposition of such conditions would only amount to a proceeding analogous to that defined in the ohapter of the oode which provides for the granting of a new trial and other relief after judgment,beginning with section 5354 and ending with section 5365,in which it is provided that under certain circumstances a new trial may be obtained, but that the liens and securities acquired by virtue of the first judgment shall be preserved to the prevailing party if he shall again prevail. We have no doubt but many oases may arise where a court may properly grant a new trial upon grounds other than those specifically set forth in the statute. We are of the opinion that the enumeration of certain cases in the statute, which, if established, give a right to a new trial, does not *542 exclude all other oases or deprive the oourt of its ancient power so fully reoognized at common law, to grant new trials for other good and sufficient reasons, though falling short of statutory grounds, to promote the ends of justice, and to impose terms where not required to grant the new trial as a matter of right. A decision recently made by the Circuit Court of the eighth circuit indicates the discretionary power of the oourt in this respect over its judgments of the term — Manguno & Tomforcaro Co. v. S. T. Clymonts, 19 C. C. 237.
In the absence of averment or evidence to the contrary, we feel bound to assume that it was a cause of this nature that moved the oourt to grant this motion.
Even if the defendant had a clear legal right to a new trial, that, in our judgment, would not alter the case, unless the oourt so believed and found when it required the giving of the bond as a condition precedent to the granting of a new trial. Defendant was not obliged to give the bond, but might have declined to do so and allowed his motion to be overruled and pursued his ordinary remedy by a petition in error to reverse this order of the court and the judgment on the verdict. The question here is not, did the right to a new trial exist upon the showing made, and did the court err in failing to so bold? blit it is this: Did the oourt regard the showing as sufficient to give the right to a new trial, and then require the giving of the bond as a condition to its recognition by the oourt and its exercise by the defendant? The court seems to have concluded that the defendant had no right to a new trial, but granted it rather as something beyond his strict right. Let it be assumed that the defendant was entitled to a new trial, and that the oourt was in error in holding otherwise. Instead of obliging the defendant to prosecute error to obtain a new trial, the oourt afforded him, on terms, an opportunity to have a new trial without going to so much trouble or suffering so much delay. It granted him an additional remedy. Defendant was not obliged to accept or adopt this proffered remedy. He was at perfect liberty to accept or reject it. Suppose he had elected to reject it, and had permitted the motion to be overruled and judgment to be entered on the verdict, how would the case then stand? Would any right have been denied him or any wrong done to him other than that involved in the error of the oourt in overruling his motion for a new trial and entering judgment again'st him, for the correction of which his remedy remained? Clearly not. He ohose to *543 adopt the proffered remedy. .In this case no wrong has been done to him, no right denied, but he has been afforded a remedy that he could not claim as a right — that he has adopted in preference to his remedy that the law afforded him. The contention that there is in this an element of ooercion as to him seems to us to be without support in the facts as pleaded.
On the other hand, if he was not entitled to a new trial, or the court could not in the exercise of this discretion grant it to him, a wrong was done to the plaintiff, but that affords defendant no ground of complaint.
Secondly. It is said that, assuming that defendant was not entitled to a new trial, then the court had no right to grant it to him, either upon or without terms, and that granting it upon terms amounts to a bartering of legal rem-. edies, which is against public policy, and renders the whole action of the court in exacting the bond and the obligors in giving it so far illegal as to render the bond void and not enforoible by the obligees. This also prooeeds upon the theory that the court was without discretionary power in the premises Holding as we do that the court might exercise a discretion in granting new trials on grounds not enumerated in the statute, this objection falls to the ground. But if it is true that the oourt.has no such discretion, does it follow that the bond is void or that it cannot be enforced by the plaintiff? We think not. The plaintiff is not a party to the arrangement between the defendants and the court whereby the new trial is obtained upon the giving of the bond. it is entered into in spite of the plaiutiff and against its objection. In that case it is done in violation of its rights. The court deprives it of its judgment, but requires the defendant to give to it and requires it to accept this bond, or nothing, in lieu thereof. If this action on the part of the court was, as here assumed, a violation of plaintiff’s right, it may be that it would have another remedy, but we know of no rule that would prevent it, an in.nocent party, from enforcing the bond thus voluntarily giv*en by the defendant and forced upon it, and we think that every consideration of justice and conscience estop the defendant from interposing the objection that there was ir<regularity or illegality in the transaction.
These views and conclusions, we believe, dispose of all subsidiary questions involved and presented. The bond is valid as a common law bond, and therefore the surety is bound equally with the principal.
W. H. A. Read, for the Plaintiff in Error.
Smith & Beckwith and Clapp & Denman, for Defendant in Error.
While we all oonour in holding that there is no error in this record and that the judgment should be affirmed, I should mention that Judge Haynes does not concur in the views expressed as to the, discretionary power of a court to grant a U9w trial, or to impose terms not expressly authorized by law as a condition to the granting of a new trial.
The judgment is affirmed.