Statement of the Case.

## DICK, EXRX., *v.* HYER.

*Negotiable instruments — Joinder of causes of action — Pleading note and original consideration — Evidence — Privileged communications — Husband and wife — Alteration of note by maker — Holder in due course may enforce payment, when.*

1. A cause of action upon a promissory note and a cause of action to recover on the original consideration of the same note, when it does not appear that the note was given in payment of the debt, are separate, distinct and consistent causes of action growing out of the same transaction. Neither is a fictitious cause of action, although the plaintiff can have but one recovery. (*Gartner* v. *Corwine,* 57 Ohio St., 246, and *P., C. & St. L. Ry. Co.* v. *Hedges,* 41 Ohio St., 233, approved and followed.)
2. A husband or wife cannot testify as to the contents of a written paper, handed by one to the other and examined and signed in the presence of each other during coverture, unless it is done in the known presence or hearing of a third person competent to be a witness.
3. Where a note has been materially altered by one of the makers, before its delivery to a holder in due course, not a party to the alteration and having no knowledge that it has been so altered after signature of the makers, the holder in due course may enforce payment thereof according to its original tenor.

(No. 15040 — Decided June 23, 1916.)

ERROR to the Court of Appeals of Pickaway county.

On the 24th day of May, 1911, Milton T. Dick, then in full life but now deceased, filed a petition in the common pleas court of Pickaway county against Thomas Dick and Maud B. Dick to recover the amount due on a promissory note signed by defendants and dated the 4th day of January, A. D. 1908.

To this note was attached a warrant of attorney to confess judgment, and judgment was rendered by confession against both of the defendants for the amount due on the note including interest.

At the same term of the common pleas court this judgment was vacated upon the motion of the defendant Maud B. Dick, who since the commencement of the action had been divorced from her co-defendant, Thomas Dick, and remarried. Her present name is Maud B. Hyer.

Thereupon the defendant Maud B. Dick filed an answer denying that she made, executed or delivered the note set out in the petition.

The issue joined by these pleadings came on for trial at the April term of the common pleas court of that county, but by reason of the sickness of one of the jurors the jury was discharged and the case continued.

It appearing upon this partial trial of this case that it was the claim of the defendant Maud B. Dick that the note she had signed had been altered in its date from January 5, 1908, to January 4, 1908, and in its date of maturity from January 5, 1909, to January 4, 1909, without her knowledge and consent, and that for this reason she was not liable upon the note attached to plaintiff's petition, the plaintiff on the 12th day of April, 1913, filed an amendment to his petition, in which for a second cause of action he pleaded the original indebtedness for which this note was given. The defendant Maud B. Dick filed a motion to strike out certain portions of this amendment, which motion was sustained by the court, and the plaintiff on the 6th

day of September, 1913, filed a second amendment to his petition, which amendment for a second cause of action also pleaded the original indebtedness of the defendants to plaintiff, to evidence which the note sued upon was given.

To this second amended petition, the defendant Maud B. Dick, then Maud B. Hyer, filed her separate answer, in which she denied that she was indebted to the plaintiff at the time of the execution of the alleged note.

Upon the trial of the issue so joined by the pleadings Maud B. Hyer moved the court to require the plaintiff to elect on which cause of action he would proceed to trial. This motion was sustained by the court. The plaintiff then elected to proceed to trial upon his first cause of action.

At this trial the jury disagreed and the cause was again tried at the October term of the court and a verdict returned in favor of the defendant Maud B. Hyer and against the defendant Thomas Dick for the amount due upon the note.

Motion for a new trial was overruled, and judgment entered upon the verdict.

The court of appeals affirmed this judgment. Pending the proceedings in error in the court of appeals Milton T. Dick died, and Elizabeth M. Dick, executrix of the last will and testament of Milton T. Dick, was substituted as plaintiff in error, and this proceeding in error is brought in this court by this executrix to reverse the judgment of the common pleas court and that of the court of appeals affirming the same.

Mr. I. N. Abernethy and Mr. Milt Morris, for plaintiff in error.

Mr. Charles Dresbach and Mr. Humphrey Jones, for defendant in error.

Donahue, J. The first question presented by this record is whether the plaintiff may unite in his petition a cause of action upon a promissory note and a cause of action upon the antecedent debt which was the consideration for the note pleaded in the first cause of action.

It is undoubtedly the law of this state that where the plaintiff has but one cause of action the facts cannot be subdivided so as to present fictitiously two or more causes of action. Sturges et al. v. Burton et al., 8 Ohio St., 215, and Ferguson v. Gilbert & Rush et al., 16 Ohio St., 88.

Notwithstanding but one recovery is sought in this case, yet these are separate and distinct causes of action. Neither of them is a fictitious cause of action in any sense of the words. If they are not inconsistent, the plaintiff is entitled to plead these causes of action in the alternative.

This question is practically settled by this court in the case of Gartner v. Corwine, 57 Ohio St., 246, wherein it was held that a plaintiff might aver in his petition a breach of contract of warranty and also a false warranty, and recover upon either, but not upon both. In that case the court said in its opinion by Williams, J., at page 255:

"It is competent, we think, for a plaintiff to state in his pleading all the facts of the transaction which enter into his right to recover, as he believes

them to be, though they present different grounds of recovery."

And again on the same page: "If there are two [causes of action], one for breach of the warranty, and the other for fraud, they grew out of the same transaction, and may be properly joined in the same petition." .

The first proposition of the syllabus in that case sustains these statements in the opinion.

To the same effect is the case of *The P., C. & St. L. Ry. Co.* v. *Hedges,* 41 Ohio St., 233, sustaining a petition that counted upon two distinct wrongful acts as causes of the killing of plaintiff's horses: (1) Neglect to keep in repair a fence as required by a contract, and (2) negligence in running the train. A motion to require the plaintiff to elect was overruled by the trial court, and this court affirmed that judgment.

The principle is well stated in the case of *The Citizens' Bank* v. *Closson,* 29 Ohio St., 78, in which it is held that "The code contains no limitation upon the provision that the defendant may set forth as many grounds of defense as he may have, except the implied limitation contained in the requirement that pleadings shall be verified by oath."

The same doctrine is announced in the case of *Witte* v. *Lockwood,* 39 Ohio St., 141.

The provision of the code permitting the plaintiff to unite several causes of action in the same petition is just as comprehensive as the provision authorizing the defendant to set forth in his answer as many grounds of defense as he may have, except that the several causes of action united in a

petition must be included in one of the classes of cases designated in Section 11306, General Code, and when these causes of action come within any of these classes the plaintiff may unite them in one petition regardless of the fact that he can have but one recovery. *The P., C. & St. L. Ry. Co.* v. *Hedges, supra.*

This doctrine applies only to separate and distinct causes of action. If there is in fact but one cause of action then of course under the provision of the code it must be stated in clear and concise language as one cause of action, and not as two; but this rule as to separate causes of action for separate recoveries must not be confused with the right to a single recovery upon alternative causes of action.

In the case of *Sturges et al.* v. *Burton et al., supra,* the plaintiffs sought to recover from the defendants, personally, being directors of a bank, a penalty under the third section of the charter of the bank, for the unlawful issue of certain bills of the bank held by the plaintiffs. The plaintiffs' sole right to recover rested upon the construction of this section of the bank's charter. The facts were fully stated in the first cause of action, and what purported to be a second cause of action averred the same facts, with the further averment that "Said sum of five thousand dollars constituted a part of the excess of said indebtedness, over and above the amount of stock." This, the court held, was framed to meet a different construction of the charter than contemplated in the first cause of action, but either construction would not change the

facts constituting the cause of action and the court very properly required the plaintiffs to elect.

In the case of *Ferguson* v. *Gilbert & Rush et al., supra,* the first count specially narrated in detail the facts upon which the plaintiff's ownership of the debt represented by the order in writing was predicated, and alleged that the drawee of the order refused payment on account of some claim made by the administrator of the estate of her father, and the second count alleged generally, without showing how the plaintiff became the owner of the order; but each cause of action was predicated solely upon the acceptance of the order by the drawee.

The court held in the above case that there was nothing inconsistent between the general averments of the second count and the particular or special statements of the first; that the second cause of action added nothing whatever to the allegations of the first, and was therefore useless; that it would have been the duty of the court, on motion of defendant, to have ordered the second count stricken out, or to have required the plaintiff to elect upon which count she would proceed and strike out the other, but that no such motion having been made the purported second cause of action might be treated as mere surplusage.

In 2 Bates' Pleading, page 1073, the rule is stated in the following language: "An amendment to recover on the original consideration of the note sued on, is not deemed a change of cause of action, and hence is permissible." And again on the same page: "Where a note has proved void by

reason of an alteration which is not dishonest, such amendment is allowable."

In the case under consideration the necessity and the reason for the rule permitting plaintiff to join separate causes of action in one petition are very apparent.

The defendant Maud B. Hyer claims that the note described in the first cause of action was altered after she had signed it by changing the date from January 5, 1908, to January 4, 1908. The plaintiff testified that the note was not altered after it came into his possession. It would be manifestly unjust to compel this plaintiff to elect at his peril upon which cause of action he would proceed to trial, for if this note was in fact altered before delivery to him he would have no means of knowing whether it had been altered after or before it was signed by the defendant Maud B. Hyer. Even had it been altered by him after he received it, without any fraudulent purpose, and under an honest mistake of right, he would nevertheless be entitled to recover upon the original indebtedness. *Merrick* v. *Boury & Sons,* 4 Ohio St., 60.

It is further contended by the plaintiff in error that the trial court erred in permitting Maud B. Hyer to testify as to acts done by her and her husband in the presence of each other without the presence of any third person competent to be a witness.

Clearly the testimony of the wife in reference to her husband requesting her to sign this paper, and that she did sign it at his request and in his presence, was not admissible.

The fact that she admitted that her signature is genuine could not make her testimony competent. On the contrary, even though she were a competent witness, this admission eliminated that issue and dispensed with the necessity of introducing any evidence in reference to it.

It had a prejudicial effect in that it brought into the evidence the entire transaction from which her knowledge as to the date of the note was derived. If it were conceded that she might testify as to the knowledge she obtained when she examined this note in the presence of her husband only, still she certainly could not testify as to what was then done or said by either of them, and thereby enhance the value of her testimony in that regard by relating in detail what occurred between her husband and herself at the time the note was signed. It appears however that this was but one transaction between husband and wife, when no third person competent to be a witness was present, and that the whole transaction comes fairly within the provisions of paragraph 3 of Section 11494, General Code. The husband presented the note to the wife and requested her to sign it; she took the paper, examined its contents, signed it and handed it back to him. Her examination of this note was as much an act done in the presence of her husband as the signing of her name to it, and she cannot separate this transaction into parts so as to permit her to testify as to one part as the basis of her knowledge regarding the date of the note. She might just as well be permitted to testify as to the demeanor of her husband, or the expression of his

countenance when he requested her to sign this note, as to testify to the examination of the note then made by her and the knowledge she obtained from that examination.

The evident purpose of this provision of the statute is to keep sacred and secret the confidential relations of husband and wife. If a husband or wife is permitted to testify as to the examination of a paper writing, made by either of them in the presence of the other, in the absence of a third party competent to be a witness, the purpose of the statute fails and the confidential relation of husband and wife is imperiled or destroyed. If a wife may testify as to the contents of this paper shown to her by her husband under such circumstances, she might also testify as to the contents of a letter or any other private paper shown to her in the confidence of the marriage relation. The mere fact that this paper happened to be a note which he requested her to sign and she did sign in his presence, cannot take it out of the operation of the statute any more than if it were a private paper shown by one to the other in confidence with no intention or expectation that the contents of that paper should be made public.

The law wisely prevents all inquiry as to the nature or the character of the disclosure made by one to the other, either by spoken or written word, and will not undertake to discover the nature of the writing in order to determine whether it was or was not of a confidential nature. In other words, when no person competent to be a witness is

present the presumption is conclusive that the statement or communication made in any form or in any manner is a confidential communication. On the other hand, if any third person is present, competent to be a witness, then the presumption is equally conclusive that the communication is not of a confidential nature. The line drawn by the statute is clear, positive and certain. If it comes within the class of communications between husband and wife that are regarded as confidential the law throws a veil of secrecy over it forever. If it is of that class of communications not recognized as confidential, that is to say when a third person competent to be a witness is present, then the courts will inquire into the transaction just the same as if no confidential relation existed between husband and wife.

It is the purpose of the law to encourage rather than to discourage confidences between husband and wife, so that each may freely make disclosures to the other and they may advise and consult with one another as to any matter or thing, secret or otherwise, that may affect the well-being or the happiness of either or both, and that result cannot be accomplished if either husband or wife is compelled or permitted to testify as to the contents of a paper shown by one to the other, regardless of the nature of the writing.

It is further insisted upon the part of the plaintiff in error that under the provisions of Section 8229, General Code, where a note has been altered by one of the makers, after signature of the other

makers and without their knowledge, and has been delivered to a holder in due course, who is not a party to the alteration, the holder may enforce payment thereof according to its original tenor.

Counsel for defendant in error do not question this construction of the statute, but insist that under the evidence it has no application to this case. Attention is called to the evidence of Thomas Dick, who testified upon the third trial of the case that he had altered the date of the note before his wife signed it, but who testified in the first and second trials that the note had not been changed by anybody before the defendant Maud B. Hyer signed it, and it is urged that therefore the jury could very well disbelieve the statement of Thomas Dick on the third trial.

This argument however overlooks the fact that the plaintiff, Milton T. Dick, testified (Record 66) that he had no knowledge of any change or alteration in the note and that it had not been altered after he received it through the mail.

While the jury may or may not have believed the evidence of either of these witnesses in this respect the plaintiff was nevertheless entitled to have the jury instructed that if it found Milton T. Dick to be the holder in due course and not a party to the alteration he might recover upon the note according to its original tenor.

The plaintiff presented no request to the court to so charge the jury. The fifth instruction requested was evidently intended to cover that phase of the case, but unfortunately it does not clearly

appear in the closing language of that request that the plaintiff would be entitled to recover on the note according to its original tenor, or upon the note as altered, with interest thereon from the date it now bears.  In the general charge, however, the court instructed the jury that if the note was altered without the consent of Maud B. Dick, after she had signed it, the plaintiff could not recover in the action.

If the jury had found that Milton T. Dick was the holder of this note in due course and not a party to the alteration, nevertheless under this instruction it could not have returned a verdict in favor of Milton T. Dick according to the original tenor of the note.

This charge entirely overlooked the provisions of Section 8229, General Code, and deprived Milton T. Dick of the benefits of that section, regardless of what the jury might have found the facts to be.

The exclusion of the evidence offered by plaintiff, tending to prove the consideration of the note, was the natural consequence of requiring the plaintiff to elect.  Under the issues then joined by the pleadings this evidence was incompetent.  But if the plaintiff had been permitted to go to trial on both his first and second causes of action this evidence would have been competent to sustain the allegations of the second cause of action.

For the reasons hereinbefore stated the judgment of the common pleas court and the judgment of the court of appeals affirming the same are re-

Statement of the Case.

versed, and this cause is remanded to the common pleas court for a new trial and further proceedings according to law. .

*Judgment reversed.*

NICHOLS, C. J., JOHNSON, WANAMAKER, NEW-MAN, JONES and MATTHIAS, JJ., concur.