## WILSON et al. v. LEIGH BANANA CASE CO.

(District Court, N. D. Ohio, E. D. March 23, 1917.)

### No. 9319.

PLEADING ☞369(2)—ELECTION BETWEEN CAUSES OF ACTION.

In an action for breach of a contract, where only a single breach is alleged, though as matter of evidence the breach may be shown to consist in a refusal to pay the amount earned by plaintiffs upon performance, or in defendant's interference or default preventing performance, plaintiffs will be required to elect between two separate statements of a cause of action, or, at their option, to amend their petition, since, while separate causes of action may be set up in the same petition, and alternative causes of action, upon which only a single recovery can be had, may be set up, this rule does not apply where there is only one cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1199.]

At Law. Action by Porter Wilson and another against the Leigh Banana Case Company. On motion to require election between different causes of action. Motion granted.

I. T. Siddall, of Cleveland, Ohio, and H. R. Loomis, of Ravenna, Ohio, for plaintiffs.

Hoyt, Dustin, Kelley, McKeehan & Andrews, of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge. Defendant's motion asks that plaintiffs be required to elect as between the first and second cause of action stated in their amended petition herein, upon which they will stand, for the reason that under the facts alleged there is really but one cause of action, and that the two causes attempted to be set forth are inconsistent. This motion is opposed.

If there were in fact two causes of action set forth in the petition, the motion to elect should be denied. Different causes of action may be set up in the same petition, subject only to the limitations of section 11305, General Code of Ohio. In Dick v. Hyer, 114 N. E. 251, decided by the Supreme Court of Ohio June 23, 1916, reported in Ohio Law Reporter issued January 1, 1917, this section is held to permit the setting up in a petition of alternative causes of action, upon which, however, a single recovery only can be had. It is essential, however, to this rule, that there should be separate causes of action, even though but one recovery is sought or can be had. In the case cited a single recovery only was asked, but one cause of action was upon a promissory note, to which the defense made was that it had been altered; and the second, or alternative cause of action, was upon the original

indebtedness, for which the note had been given. It was held to be error to require an election.

In the present case there is, in my opinion, but one cause of action, and not two separate causes of action, nor alternative causes of action, permitting only of a single recovery. The contract set up is a single and entire contract. A single breach only of that contract is alleged. As a matter of evidence, the breach may result from a refusal to pay because plaintiffs had successfully operated the plant described, producing crates at a cost of 6½ cents each, and had thereby earned the $10,000, which the defendant, it is alleged, refuses to pay, or it may be that they might have done so, and could by evidence prove this fact, except for the interference or default of the defendant; but the uncertainty as to the facts from which this result, or the plaintiff's right to recover, flows, or the evidential facts by which the same can be established, does not create two causes of action, or alternative causes of action for a single recovery. In my opinion, plaintiffs' petition falls within the rule laid down in the following cases: Sturgess v. Burton, 8 Ohio St. 215, 72 Am. Dec. 582; Ferguson v. Gilbert, 16 Ohio St. 88; Gartner v. Corwine, 57 Ohio St. 246, 48 N. E. 945; Railway Co. v. Hedges, 41 Ohio St. 233.

Inasmuch as this memorandum is intended only to show counsel the basis upon which our ruling rests, no review of these authorities is required. The principle clearly appears in the first two headnotes of Sturgess v. Burton, which are as follows:

1. "When the plaintiff has but one cause of action, the facts cannot be subdivided, so as to present, fictitiously, as might have been done under common-law pleading, two or more causes of action.

2. "Where one cause of action is set forth in two counts, as at common law, the court may, on motion of the defendant, require the plaintiff to elect upon which count he will proceed."

An order may be prepared and entered, requiring the plaintiffs to elect within 10 days upon which statement of their cause of action they will stand and go to trial, or, at their option, permitting them to redraft and amend their petition within 10 days, stating the facts as one cause of action, in conformity to this ruling.

An exception to this ruling may be noted in behalf of plaintiffs.