1. Subrogation must be asserted in the pleadings.

2. Where party claim subrogation, burden of proof to show that claim paid was superior to claim over which priority is asked, is upon party claiming subrogation. Hooker Co. v. Republic Finance Co., OA. 5 Abs. 601.

**1235. VERDICT.**

In action by wife to recover money lost by husband in gambling, plaintiff not entitled to recover money judgment against owner of real estate on which gambling house was conducted. Worland, et v. McGill, OA. 5 Abs. 591.

**1265. WEIGHT OF EVIDENCE.**

Judgment will no the reversed on weight of evidence unless it it so clearly unsupported as to indicate misapprehension or mistake, bias, passion or prejudice, or wilful disregard of duty upon part of the jury. Zaramba v. Pruchnicki, OA. 5 Abs. 592.

**1271. WILLS AND LEGACIES.**

Where will bequeaths property to husband, for life and after death "should there be any real, personal or mixed property still remaining," to be divided equally among heirs husband has life estate subject to right to use property for his support. Zipperich, Exr. v. Vincent, et, OA. 5 Abs. 598.

**1271. WILLS AND LEGACIES.**

Where boundary line between parcels of real estate is uncertain in language of will, it may be made definite and certain by conduct of interested parties. Taylor v. Kemple, et, OA. 5 Abs. 593.

EPITOMIZED OPINIONS
Published only in the Abstract

No. 663

WORLAND et v. McGILL.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1885.    Decided June 20, 1927.

480. **EVIDENCE**—In action by wife to recover money lost by husband in gambling, book in which husband made entries after his return home in the evening is not admissible in evidence under shopbook rule.

954. **PRIVILEGED COMMUNICATION**—Testimony of wife regarding acts done by husband in presence of wife and not in known presence of third person competent to be witness, is incompetent.

1235. **VERDICT**—In action by wife to recover money lost by husband in gambling, plaintiff not entitled to recover money judgment against owner of real estate on which gambling house was conducted.

225. **CHARGE OF COURT**—Error to use word "testimony" where word "evidence" should be used. "Evidence" is a broader term and would include exhibits while word "testimony" would not include them.

753. **MEASURE OF DAMAGES**—Under 5967 GC. measure of recovery, in case to recover money expended in gambling, is money expended by person gambling and received by person or persons conducting gambling scheme, together with exemplary damages, the latter to be limited, however, as therein provided.

Error to Common Pleas.
Judgment reversed.

**First Publication of this Opinion**

WILLIAMS, J.

Lulu E. McGill brought an action, in the Court of Common Pleas, against Thomas C. Worland, Walter Belpash and The C. E. S. Realty Company, to recover money alleged to have been expended in a scheme of gambling. Upon trial, it was conceded that the defendants Worland and Belpash were engaged in operating a gambling house, and that the C. E. S. Realty Company was the owner of the premises on which the gambling house was operated and had knowledge of the use thereof for such purpose. There was evidence tending to show that the plaintiff was the wife of George H. McGill and depended upon him for support and that plaintiff's husband actually visited the gambling house at the address named and participated in schemes of gambling.

Plaintiff, to show the amount her husband expended in gambling, offered in evidence a book which purported to contain his winnings and losses, at various gambling places, including the one involved. The court admitted it in evidence and charged the jury respecting it. As the basis for the introduction of this book plaintiff testified that she frequently followed her husband to the gambling house and that she saw him make the entries in the book every evening after his return home. An examination of the book discloses that the items are large in amount and it is inferable that each item covers several transactions. This is indicative of the fact that the entries were not made contemporaneously or substantially contemporaneously with the transactions. The only principle upon which the book would be admissible would be as a book account under the shopbook rule. We are of the opinion that the entries in question were not made in the ordinary course of business or under such circumstances as to make them admissible in evidence under such rule. It also appears that the only evidence in the record, tending to show when and where and how the entries in the book were made, was testimony of the wife regarding acts done by the husband in the presence of the wife and not in the known presence of a third person competent to be a witness. Under the provisions of 11494 GC., par. 3, such evidence would be incompetent. Dick v. Hyer, 94 OS. 351. It appears from the transcript that the verdict was rendered in favor of the plaintiff in the sum of $3,500. The verdict, however, makes no reference to any defendant. Judgment was entered in the court below in favor of the plaintiff and against all of the defendants. We are of the opinion that under 5971 GC., the plaintiff is not entitled to recover a money judgment against the defendant, The C. E. S. Realty Company, and that the court had power only to adjudge the amount of the recovery to be a lien upon the premises described in the petition and to make proper orders to sell the premises to satisfy the lien.

In the charge the word "testimony" is used where the word "evidence" should be used. "Evidence" is a broader term and would include the exhibits, while the word "testimony" would not include them.

In laying down the rule for measuring the amount of recovery, the language employed refers to the money expended in gambling as damages and also states that the jury should "consider what sums if any, were won in gambling." We call attention to the fact that under 5967 GC. the measure of the amount of recovery in the instant case is the money expended by the person gambling and received by the person or persons conducting the gambling scheme, together with exemplary damages, the latter to be limited, however, as therein provided. Vincent v. Taylor, 60 OS. 309.

Judgment reversed.

(Richards and Lloyd, JJ., concur.)

Attorneys—Lawton & Saalfield and D. J. O'Rourke for Worland et; Fritsche, Kruse & Winchester for McGill; all of Toledo.