NORTH BRITISH & MERCANTILE INS. CO. v. LATHROP et al.

(Circuit Court of Appeals, Fourth Circuit. November 7, 1895.)

No. 129.

1. EQUITY JURISDICTION—FRAUD—IMPEACHING AWARD.
   The N. Ins. Co. issued a policy of insurance to one L. L. claimed a loss under such policy, and, the company objecting to the proofs of loss, procured an appraisement, under the terms of the policy, and a report by the appraisers finding a certain sum to be due. The company filed a bill in equity, alleging that the proofs of loss were fraudulent, that the appraisement was procured by fraud, and that L. was about to apply for the sale of securities, deposited by the company with the state superintendent of

insurance, in order to pay the award, and procured an injunction restraining L. from enforcing the award in any way until the further order of the court. L. afterwards filed a cross bill alleging that she had been prevented by the injunction from suing the company within a period of limitation fixed by the policy, and praying for a decree against the company for the amount of her loss. *Held*, that the court had jurisdiction of the original bill, by reason of the absence of an adequate remedy at law against the fraud alleged to exist in the appraisement, the report of the appraisers, though not technically an award, presenting the essential qualities of an arbitration.

2. EQUITY PRACTICE—CROSS BILL.

*Held*, further, that the cross bill was properly filed, its object being to procure a complete determination of the matters involved in the original bill, and no ground of equity, as against the plaintiff in the original bill, being necessary to support it.

3. SAME—STATUTE OF LIMITATIONS.

*Held*, further, that the expiration of the contractual period of limitation before the filing of the cross bill was no bar to the relief sought by it, since the bringing of an action within such period had been prevented by the action of the court itself in issuing its injunction against L.

Appeal from the Circuit Court of the United States for the Eastern District of Virginia.

Pegram & Stringfellow, for appellant.

Meredith & Cocke, for appellees.

Before GOFF and SIMONTON, Circuit Judges, and SEYMOUR, District Judge.

GOFF, Circuit Judge. This was a suit in equity by the North British & Mercantile Insurance Company, a corporation organized under the laws of the kingdom of Great Britain and Ireland, and a citizen of said kingdom, against Kate M. Lathrop and George A. Lathrop, citizens of the state of Virginia, and residents of the Eastern district thereof. On the 23d day of November, 1891, said insurance company issued its policy of insurance, thereby insuring Kate M. Lathrop, trading as K. M. Lathrop & Co., against loss or damage by fire, as was in such policy set forth, for the space of one year, and to the amount of $3,500, on certain fixtures, machinery, cheroots, tobacco, etc., contained in a certain building in the city of Richmond, Va. On the 23d day of December, 1891, a fire occurred in said building, and the assured, claiming that certain of the property covered by the policy had been damaged and destroyed by such fire, furnished to said company papers and schedules purporting to be proofs of the loss sustained by her, in which she claimed that the sum of $2,868.08 was due her from the company under said policy. The company insisted that the proofs of loss were incomplete and insufficient, and for that reason rejected them. Thereupon an appraisement of the property was demanded by the assured, as provided for in the policy, and three appraisers were duly selected for that purpose, who, after full investigation of the matters involved, returned an award, by which the amount found due the assured by the company under the policy was the sum of $2,325.77. The company still refused to pay, and filed its bill in equity, charging that the proofs of loss were in several ma-

terial points false, fraudulent, and untrue, particularly as to the quantity and value of the property damaged and destroyed; and that the appraisement was procured by false, fraudulent, corrupt, and undue practices on the part of the assured, especially by false statements as to the number of cheroots, labels, and molds destroyed by the fire and covered by the policy of insurance. The bill also charged that the assured had notified the company that she would apply to the treasurer of the state of Virginia in order to secure the sale of such portion of the bonds and securities on deposit with him as provided by law as would suffice to pay her the amount of such award. The bill claims that for the reasons mentioned the company is entitled to have the award declared void, and that, if the assured be permitted to procure a sale of the bonds and securities belonging to the company, so on deposit, irreparable injury will be caused thereby. It is also alleged that by the terms of the policy the company is entitled, because of the fraud and false swearing of the assured, to have the policy declared void; and the prayer is that the said alleged award may be declared void; that the assured be restrained from applying for or in any manner procuring the sale of any bonds or securities belonging to the company for the purpose of satisfying said award, and that she be perpetually enjoined from commencing or prosecuting any proceedings at law to recover the amount claimed by her, either under the award or the policy; and also for general relief. The court granted a restraining order in these words:

"Ordered, that the said Kate M. Lathrop, her agents and servants, be restrained from in any manner enforcing or attempting to enforce the award mentioned in the bill of complaint, and from procuring the sale of any bonds or securities belonging to the complainant, deposited with the treasurer for the state of Virginia, or from receiving the proceeds of any such sale, until the further order of the court."

The defendants below answered the bill, denying all charges of fraud. Depositions were duly taken, on the issues then existing, as to whether the goods claimed to have been destroyed were in the building at the time of the fire, and if the award had been obtained by fraud. Then the said Kate M. Lathrop, with the permission of the court, filed her cross bill in this suit against the insurance company, in which, after reciting the allegations of the original bill, the substance of the answers thereto, and the restraining order, she claimed that she was entitled to use the award as evidence of the amount of her loss under the policy in a suit at law; that she had been prevented from so suing because the validity of the policy was at issue in the pending suit, and for the reason that she was restrained by order of the court from using the award as evidence; also, that if she then instituted a suit on the policy she would be met with the plea of the contractual limitation contained in the policy, which required that suit should be brought within 12 months after the loss by fire was incurred. The cross bill asked that the assured be decreed the amount found due her from the insurance company by the award. A demurrer to the cross bill, filed by the company, was overruled, and this action of the court below

is assigned as error. The cross bill was duly answered, replication filed thereto, additional evidence taken, and the cause finally heard, the court below decreeing that the insurance company should pay to the assured the sum of $2,325.77, with interest thereon from January 1, 1892, and costs; and this decree constitutes the second assignment of error made by the appellant.

It is insisted that the demurrer to the cross bill should have been sustained, because the court below had no jurisdiction of either the original or the cross bill, and also because, if it had jurisdiction, the claim asserted in the latter was barred by the contractual limitation of 12 months provided for in the policy. The appellant now insists that the court erred in granting the relief for which it originally asked, and that in fact the court had no jurisdiction to entertain the bill to cancel the award and declare the policy void. We think that the court below had jurisdiction of both the original and the cross bill, and that the demurrer to the last mentioned was properly overruled. The parties to this controversy had, by their own contract,—the policy of insurance,—provided that, in case they differed as to certain matters connected with the same, the matter should be determined by a tribunal of their own, which was to ascertain and report the value of the property damaged and destroyed. The report of this tribunal,—the board of appraisers,—while not technically an award, presents the essential qualities of an arbitration, and has the force of and is subject to the conditions of an award. Railroad Co. v. Elliott, 56 Fed. 772; Curry v. Lackey, 35 Mo. 389; Smith v. Railroad Co., 36 N. H. 458; Leonard v. House, 15 Ga. 473; Underhill v. Van Cortlandt, 2 Johns. Ch. 339; Lauman v. Young, 31 Pa. St. 306.

It was charged in the original bill that the award had been obtained by the false and fraudulent acts of the defendants thereto. It is well established that courts of equity will, by virtue of their general grounds of jurisdiction, in cases of fraud, mistake, or accident, entertain a bill to set aside an award, where there is no adequate remedy at law. Morse, Arb. 543; Story, Eq. Jur. 1451. And it is also well known that no extrinsic circumstance or matter of fact dehors the award can be pleaded or given in evidence to defeat it in actions at common law. In such cases a resort to equity for relief is still a proper proceeding. In some instances this manner of remedy has been modified by state statutes, but such enactments have not and cannot affect the jurisdiction of the equity courts of the United States. The fact that state laws provide legal remedies for wrongs as to which equitable relief exists does not deprive the federal courts of jurisdiction under their general equity powers. Hay v. Railroad Co., Fed. Cas. No. 6,254; Gordon v. Hobart, Fed. Cas. No. 5,609; Bean v. Smith, Fed. Cas. No. 1,174. The fact that there is also a remedy at law is not of itself sufficient to deprive equity of jurisdiction, unless it is apparent that the former is as effectual as the latter. Bunce v. Gallagher, Fed. Cas. No. 2,133; Crane v. McCoy, Fed. Cas. No. 3,354; Morgan v. Beloit, 7 Wall. 613; Sullivan v. Railroad Co., 94 U. S. 806. The adequate remedy at law referred to as the test of jurisdiction in the equity courts of the

United States is that which existed when the judiciary act of 1789 was enacted, subject to such change as congress has provided for. Boyle v. Zacharie, 6 Pet. 658; McConihay v. Wright, 121 U. S. 206, 7 Sup. Ct. 940.    We think it unnecessary, in this connection, to consider the question raised by the demurrer as to the allegations of the original bill relative to the application of the assured to the treasurer of the state of Virginia for the satisfaction of her claim against the insurance company by the sale of the bonds of such company on deposit with such officer, as, independent thereof, we find that the court below had jurisdiction of the case as it was first presented.    We hold that the cross bill was not only properly filed, but that it was necessary, in order to procure a complete determination of the matters involved in the original bill, and to authorize the court to decree, should it so find, against the complainant therein, the opposite of the relief sought by it.    No new question is in fact presented by the cross bill, and the court by it is simply asked to fully and finally dispose of the matters first raised by the original bill.    A court of equity, having properly acquired jurisdiction of a cause for one purpose, will retain it, and dispose of all the questions involved, in order that the controversy may be ended and a multiplicity of suits prevented.

The appellant contends that the relief asked for in the cross bill was of a legal, and not of an equitable, nature, and that, therefore, the demurrer should have been sustained.    But the authorities do not support this contention, and the practice is otherwise.    A cross bill is generally treated as a defense to the original bill, as a mere auxiliary suit rendered necessary in order to fully present and have adjudicated the subject-matter already in litigation.    If its object is to obtain complete relief concerning the matters set out in the original bill, even though it be affirmative in character, it need not, as against the plaintiff in such original bill, show any ground of equity to support the jurisdiction of the court.    A cross bill ex vi terminorum implies a bill brought by a defendant against the plaintiff in the same suit, or against other defendants in the same suit, or against both, touching the matters in question in the original bill. Story, Eq. Pl. §§ 389, 399; 3 Daniell, Ch. Prac. 1742; Mitf. Eq. Pl. 81, 303; Beach, Eq. §§ 421, 425, 426; Washington R. R. v. Bradleys, 10 Wall. 299.

Appellant also insists that the contractual limitation contained in the policy was a complete bar to the claim set up by the assured in the cross bill.    The policy, so far as this question is concerned, reads as follows:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

The court below, on the 5th day of October, 1892, a short time before the period expired in which the assured could have instituted a suit on her policy, restrained her and her agents and servants from in any manner enforcing or attempting to enforce the award men-

tioned in the bill of complaint until the further order of the court. This injunction prevented the assured from suing on the policy, or from attempting to enforce the award, and it had not been dissolved or modified when the cross bill was filed. If a court of equity, by its orders and decrees, has deprived a party of his legal rights at the suit of one whose litigation was unfounded and fruitless, it should provide a substitute for the said rights of which such party has been so deprived. 1 Wood, Lim. § 63; 2 Wood, Lim. § 243; East India Co. v. Campion, 4 Clark & F. 645; Barker v. Millard, 16 Wend. 572. In such cases a court of chancery will protect the interests of the party so injured, and will restrain the one in whose behalf its power was so used from taking advantage of the situation created thereby; and especially will it inhibit the pleading of the bar of limitations—statutory or contractual—if the period of the same elapsed during the time the party injuriously affected thereby was prohibited by such court from asserting the claim involved. 6 Bac. Abr. 395; 2 Ch. Cas. 217; Insurance Co. v. Hall, 12 Mich. 211; Pulteney v. Warren, 6 Ves. 72, in which case Lord Eldon says:

"If there be a principle upon which courts of justice ought to act without scruple, it is this: to relieve parties against that injustice occasioned by their own acts or oversights, at the instance of the party against whom the relief is sought."

Under the circumstances of this case, we think that the limitation mentioned in the policy was not a bar to the relief asked for by the assured in her cross bill. The court had restrained her from proceeding to collect her claim, and most undoubtedly would have adjudged her in contempt of its authority had she attempted to do so. Therefore it would have been unfair, entirely inconsistent with the principles of equity, if it had permitted the party at whose instance she had been so enjoined to have pleaded the bar of the contract in the same suit in which such restraining order had issued, it appearing that the time relied upon to constitute the bar was the period as to which she had been so inhibited. That the original bill and the cross bill, together with the pleadings connected therewith, constitute but one suit, so intimately are they connected, is well established. Kemp v. Mackrell, 3 Atk. 811; Field v. Schieffelin, 7 Johns. Ch. 252; Ayres v. Carver, 17 How. 592.

The remaining assignment of error relates to the action of the court below concerning the ownership of the property insured. The appellant claims that the assured had no title to or interest in the insured property, and that, therefore, the policy issued to her was by its own terms void. Whatever claims others may have had to the property covered by the policy, we think it was clearly shown by the testimony that the assured held the legal title to and derived, at least in part, her support from it. That she had an insurable interest in the property destroyed, and that she was entitled to recover the amount of damage to it, not exceeding the sum insured, was held by the court below, and in this finding he was fully sustained by the proofs. In the case of Tilley v. Insurance Co., 86

Va. 811, 11 S. E. 120, Judge Lacy, in delivering the opinion of the court of appeals, said:

"Any person who has any interest in the property, legal or equitable, or who stands in such a relation thereto that its destruction would entail pecuniary loss upon him, has an insurable interest to the extent of his interest therein, or of the loss to which he is subjected by the casualty."

The supreme court of the United States, in Insurance Co. v. Chase, 5 Wall. 509, speaking by Mr. Justice Davis, said:

"The courts of this country, as well as England, are well disposed to maintain policies where it is clear that the party assured had an interest which would be injured in the event that the peril insured against should happen."

In this connection, see the following authorities: Sansom v. Ball, 4 Dall. 459; Insurance Co. v. Baring, 20 Wall. 159; Wood, Ins. 483; Insurance Co. v. Drake, 2 B. Mon. 47; Berry v. Insurance Co., 132 N. Y. 49, 30 N. E. 254; Hooper v. Robinson, 98 U. S. 528; 1 May, Ins. § 294.

The insistence by the appellant that the claim made by the assured in the cross bill could not be entertained in a court of equity because the insurance company was thereby deprived of its constitutional right to a trial by jury, is, so far as this case is concerned, without merit, for the reason that said company voluntarily sought the jurisdiction of the court below, and, as incidental to the case it presented, submitted the questions involved therewith to the decision of said court. The assured did the same when the cross bill was filed, and so it appears that the parties in interest have not only of their own will invoked the jurisdiction of a court of equity, but that they have also waived their right to a trial by a jury in so doing. The policy provides that the loss shall not become payable until 60 days after the award has been received by the company. The award was made and filed on the 8th day of September, 1892. The decree as passed by the court below allows interest on the sum decreed therein to be paid by the insurance company to the assured from the 1st day of January, 1892. The interest should have been calculated from the 7th day of November, 1892. This mistake will be corrected, and the decree appealed from, as so modified, will be affirmed.