## BOARD OF TRADE OF CITY OF CHICAGO v. PRICE et al.

(Circuit Court of Appeals, Eighth Circuit. March 16, 1914.)

### No. 3547.

INJUNCTION (§ 114*)—PARTIES—PERSONS AIDING IN TRESPASS.

A defendant who, with knowledge of the character of the business, aided and assisted a concern of which his brother was the head in conducting an illegal bucket shop, in which business it purloined and used complainant's market quotations, although he was not shown to be pecuniarily interested, is equally responsible for the trespass, and complainant is entitled to an injunction against him, as well as those directly interested.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 202–220; Dec. Dig. § 114.*]

---

Appeal from the Circuit Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Suit in equity by the Board of Trade of the City of Chicago against Thomas E. Price and others. Decree for defendant Price (179 Fed. 399), and complainant appeals. Reversed.

Henry S. Robbins, of Chicago, Ill. (Martin H. Foss, of Chicago, Ill., on the brief), for appellant.

Chester H. Krum, of St. Louis, Mo. (Thomas B. Harvey, of St. Louis, Mo., on the brief), for appellee.

Before HOOK and SMITH, Circuit Judges, and POPE, District Judge.

HOOK, Circuit Judge. The Price Commission Company, afterwards called the St. Louis Brokerage Company, conducted what is known as a bucket shop in St. Louis, Mo. The Board of Trade of the City of Chicago sued to enjoin the purloining of its market quotations. The injunction on final hearing in the trial court against two defendants connected with the concern established that in carrying on the business they were using the quotations without right or authority; and we think that conclusion was adequately supported by the evidence. But the court held the evidence insufficient to show that the appellee, Price, was interested in the business, and dismissed the case as to him. The question on this appeal is whether, if not interested in a proprietary way, he yet so knowingly aided and assisted the others that he should have been included in the injunction.

The character of the property of the Board of Trade in its quotations and its right to prevent the unauthorized use of them is fully explained in Board of Trade v. Christie, 198 U. S. 236, 25 Sup. Ct. 637, 49 L. Ed. 1031, Board of Trade v. Cella Com. Co., 76 C. C. A. 28, 145 Fed. 28, and McDearmott Com. Co. v. Board of Trade, 77 C. C. A. 479, 146 Fed. 961, 7 L. R. A. (N. S.) 889, 8 Ann. Cas. 759. One who knowingly aids, assists, or facilitates the conduct of a business which is contrary to law and is a trespass upon the private rights of others cannot escape responsibility merely because he has no proprietary or pecuniary interest in it. He who gratuitously helps is held with him who profits. A careful examination of the evidence has convinced us that the appellee was fully informed of the character of the business and the methods employed in carrying it on; also that, though he may not have been financially interested in it with his brother, who confessedly was at the head of it, he nevertheless aided and assisted by his joint control and handling of the funds upon which the business necessarily depended from day to day. Had the funds been deposited in bank to the joint credit of himself and his brother, with authority to each separately to check, instead of being kept in a safe-deposit box rented in their names jointly, as was the case, and had he given the employés his individual checks on the account as often and under the same circumstances as he got and delivered them the box of money, and received it from them and returned it to the safety vault, it would hardly be denied that he was facilitating and assisting the conduct of the business. The peculiar and irregular methods employed, which

213 F.—22

were hardly those of a legitimate venture, sustained the business during the illness and absence or tardiness of the brother. The moneys so handled were the working capital and the funds of the patrons, and without them the business would have stopped. Shortly before the testimony was closed, what the appellee had been doing was intrusted to an employé of the business; but he was also a trusted employé of the appellee in his private affairs..

It is urged that the Price Commission Company had stopped operations. The record shows there was merely a change of name to St. Louis Brokerage Company, without change of personnel or methods. We do not understand the business itself was abandoned. Moreover, the business was managed largely from hand to hand, and could be closed quickly and begun again without much loss or trouble. In cases like that at bar, the prior continuous conduct for a long period in which the rights of others were violated is to be regarded more strongly than quick changes at the end, the significance of which is doubtful.

The decree dismissing the cause as to the appellee, Price, is reversed, and the cause is remanded for a decree of injunction against him.