CLEVELAND ENGINEERING CO. v. GALION DYNAMIC MOTOR
TRUCK CO.

(District Court, N. D. Ohio, E. D.    June 11, 1917.)

No. 394.

1. PATENTS ☞310(7)—SUIT FOR INFRINGEMENT—INCONSISTENT DEFENSES—ELECTION.

Under equity rule 30 (201 Fed. v, 118 C. C. A. v), which permits the pleading in an answer of defenses in the alternative, regardless of consistency, a defendant in an infringement suit may deny complainant's title to the patent and allege ownership in himself, and also deny its validity, and cannot be required to elect between the two defenses.

2. COURTS ☞264(2)—JURISDICTION OF FEDERAL COURTS—COUNTERCLAIM.

The jurisdiction of a federal court, invoked by a complainant in his bill and shown by the allegations thereof, does not support or aid the jurisdiction of the court, when the defendant brings forward a counterclaim which may be the subject of an independent suit, and which does not merely concern matters already put in litigation by the original bill, and in such case, if there is not diversity of citizenship, or if the subject-matter of the counterclaim is not within the jurisdiction of a federal court, it should be stricken out for want of jurisdiction.

3. PATENTS ☞310(7)—SUIT FOR INFRINGEMENT—COUNTERCLAIM.

In an infringement suit, defendant may as matter of defense deny complainant's title to the patent, and by way of counterclaim allege the equitable ownership to be in itself, and pray for a decree quieting its title, as necessary in order that complete relief may be given concerning the subject-matter put in litigation by complainant's bill.

In Equity. Suit by the Cleveland Engineering Company against the Galion Dynamic Motor Truck Company. On motion by complainant to require defendant to elect between defenses, and also to strike out counterclaim. Denied.

Hull, Smith, Brock & West, of Cleveland, Ohio, for plaintiff.

W. J. Geer, of Galion, Ohio, and Harry Frease, of Canton, Ohio, for defendant.

WESTENHAVER, District Judge. Complainant's bill sets up two patents, one No. 894,752, and the other No. 1,155,315, which it is charged the defendant is infringing. The answer denies that complain-

ant has title to either of said patents, and as to the second patent asserts that it is the equitable owner thereof and entitled to a decree quieting its title, and requiring an assignment to it of the legal title. The answer also challenges the validity of both patents, because of anticipation and on other grounds.

This cause is now before me on complainant's motion to require defendant to specify, as to patent No. 1,155,315, which of two defenses, said to be incompatible or inconsistent, it will rely upon; also to require from defendant further and better particulars of certain matters in its answer, not now necessary to be stated; and also to strike from the answer defendant's counterclaim. The two defenses said to be incompatible or inconsistent, as to which an election is desired, are: First, complainant's want of title and defendant's ownership as to patent No. 1,155,315; and, second, invalidity of said patent.

[1] I am of opinion that this motion should be denied. Both defenses are and should be available to the defendant. Both of them may be true, or the defendant may own the patent, and the patent may be invalid. It cannot rely on either defense alone, without risking an entire loss of the other; or, if the defense of defendant's ownership is not lost, the result would be to require another action to settle finally the controversy now in court. Furthermore, even if these defenses are inconsistent, new equity rule 30 permits inconsistent defenses. It says: "The answer may state as many defenses, in the alternative, regardless of consistency, as the defendant deems essential to his defense."

Moreover, even without the aid of this rule, an election should not be required because of the supposed inconsistency. In Dick v. Hyer, 114 N. E. 251, a decision of the Supreme Court of Ohio (see Ohio Law Reporter, January 1, 1917, 94 Ohio St. 351), it is held error to require an election between two causes of action permitting of only one recovery, when the first cause of action is based on a promissory note to which the defense was that it had been altered, and the second cause of action was upon the original indebtedness for which the altered note had been given. In Railway Co. v. Hedges, 41 Ohio St. 233, an election was not required when plaintiff sued to recover damages for horses killed by defendant's train, based on two distinct wrongful acts: First, neglect to keep in repair a fence as required by contract; and, second, negligence in operating the train. On principle, these cases cover the situation here presented.

Complainant's remedy in this situation is to ask a separate trial of the issues relating to the title to this patent. This is within the power of a court of equity, and is specially authorized by new equity rules 26 (201 Fed. v, 118 C. C. A. v) and 29 (198 Fed. xxvi, 115 C. C. A. xxvi). Indeed, at the hearing, counsel for both parties joined in a request for a separate trial of such issues in the event the motion to elect and strike out defendant's counterclaim was overruled. In my opinion, the motion to strike out the counterclaim should be denied. A statement at length of the facts therein alleged is not necessary. It is sufficient to say that defendant asserts a good equitable title to patent No. 1,155,315, and prays that this title may be quieted against complainant's demands, and that a conveyance from complainant to de-

fendant of the legal title may be ordered. The origin of defendant's claim of title, it is alleged, is in part based on representations by persons for whose acts complainant was then and is now responsible, that the inventions covered by this patent were owned by a corporation and were being sold by it to another corporation, to whose right and title the defendant has since succeeded.

The motion to strike out is based on the supposed ground that this court has no jurisdiction of this counterclaim, because complainant and defendant are citizens of the same state, and the subject-matter thereof is not within any independent ground of federal jurisdiction. The cases cited and relied upon by complainant were examined and reviewed by me on motion to strike out a counterclaim in Ohio Brass Company v. Hartman Electrical Manufacturing Company, No. 373. In passing on that motion I filed an opinion, which is accessible to counsel, and I shall not, therefore, review those cases at length.

[2] It is true that a set-off or counterclaim which is the subject of an independent suit in equity cannot be sustained, unless some independent ground of federal jurisdiction is shown to support it. The jurisdiction of the court invoked by complainant in its bill, and shown by the allegations thereof, does not aid or support the jurisdiction of this court when the defendant brings forward a set-off or counterclaim which may be the subject of an independent suit, and which does not merely concern matters already put in litigation by the original bill. It follows, therefore, in that situation, if there is not diversity of citizenship, or if the subject-matter of a counterclaim is not within the jurisdiction of a federal court, the counterclaim should be stricken out for want of jurisdiction. Equity rule 30 (201 Fed. v, 118 C. C. A. v) could not, even if so intended, enlarge the jurisdiction of a court of equity, or of a federal court. On this proposition I agree with the conclusion reached in the cases cited by counsel: Marconi Wireless Tele. Co. v. National Elec. Signaling Co. (D. C.) 206 Fed. 295–300; Adamson v. Shaler (D. C.) 208 Fed. 566; Electric Boat Co. v. Lake Torpedo Boat Co. (D. C.) 215 Fed. 377: United States Expansion Bolt Co. v. Kroncke Hardware Co. (D. C.) 216 Fed. 186: United States Expansion Bolt Co. v. Kroncke Hardware Co., 234 Fed. 868, 148 C. C. A. 466; Geneva Furniture Co. v. S. Karpen, 238 U. S. 254, 35 Sup. Ct. 788, 59 L. Ed. 1295.

[3] The question here, however, is entirely different. The defendant is not presenting a set-off or counterclaim which may be the subject of an independent suit in equity, in the sense in which that expression is used in equity rule 30, or in the cases above cited. The defendant's counterclaim is not really a counterclaim at all; it is a part of its defensive matter, and a determination thereof is necessary in order that complete relief may be given concerning the subject-matter put in litigation by complainant's bill. It is such matter as, according to familiar equity rules, might be made the subject of a cross-bill, and the necessity for pleading same as a counterclaim or cross-bill is in order that complainant may not only be defeated, but that complete relief may be given.

Manifestly, as a defense, the defendant may deny complainant's title to either or both of the patents sued on; it may, on the hearing, show title in some third party to either or both as a defense; it may also show title in itself to either or both as a defense. In any of these contingencies, complainant's bill should be dismissed. No new or additional evidence in the contingency last assigned would be required to warrant a decree in favor of defendant, pursuant to its cross-bill. It would seem little short of absurd if a court of equity had not power to give complete relief in that event by decreeing that defendant's equitable title should be quieted against complainant's false claim, and that the legal title should be conveyed to it.

The jurisdiction of this court to entertain the counterclaim depends on the case made by complainant's bill. The bill states a case within the jurisdiction of the federal court, arising under the patent laws. That jurisdiction is not ousted, or does not fail, because the defendant brings forward a matter of defense arising out of contract, and not within the original jurisdiction of this court. If jurisdiction has attached on the allegations of the bill, this court may proceed to try all questions between the parties, touching that subject-matter, and grant full relief to both parties, even though, on the hearing, the issues touching matters of proper federal jurisdiction are held in fact not to exist, or are decided adversely to complainant's contention.

In Pratt v. Paris Gaslight & Coke Co., 168 U. S. 255, 18 Sup. Ct. 62, 42 L. Ed. 458, the reverse of the situation here was presented for consideration. The vendor of a patent right sued for the purchase price in a state court, and the defendant, as one defense, pleaded entire invalidity of the patent sold by plaintiff. It was held that, inasmuch as the state court had jurisdiction of the cause of action stated in plaintiff's pleading, jurisdiction was not ousted by a defense cognizable exclusively in a federal court, but that the state court had power to hear and determine all questions, including those relating solely to the validity of the patent. That such is the law, and that in this case, jurisdiction having attached on the facts set forth in the bill of complaint, this court has full power to hear and determine all questions set up in defendant's counterclaim, is adequately established by the following cases: Louisville Trust Co. v. Stone, 107 Fed. 305, 46 C. C. A. 299; Swindell v. Youngstown Sheet & Tube Co., 230 Fed. 438, 144 C. C. A. 580 (6 C. C. A.); Fallbrook Irrigation District v. Bradley, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. Ed. 369; The Fair v. Kohler Die & Specialty Co., 228 U. S. 22, 33 Sup. Ct. 410, 57 L. Ed. 716; Healy v. Sea Gull Specialty Co., 237 U. S. 479, 35 Sup. Ct. 658, 59 L. Ed. 1056.

That defendant's counterclaim is essentially a cross-bill, in the simple form permitted by equity rule 30, is made plain by an examination of the authorities. Story's Equity Pleading, § 389, says:

"A cross-bill, ex vi terminorum, implies a bill brought by a defendant in a suit against the plaintiff in the same suit, or against other defendants in the same suit, or against both, touching the matters in question in the original bill. A bill of this kind is usually brought, either (1) to obtain a necessary discovery of facts in aid of the defense to the original bill, or (2) to obtain full relief to all parties, touching the matters of the original bill."

In Daniell's Chancery Practice, pp. 1746, 1747, it is said:

"As a cross-bill is considered a mode of defense, or a proceeding to procure a complete determination of a matter already in litigation in the court, the plaintiff is not, at least, as against the plaintiff in the original bill, obliged to show any ground of equity to support the jurisdiction of the court. It is treated in short, as a mere auxiliary suit, or as a dependency upon the original suit."

See, also, the following: Morgan's Co. v. Texas Central Ry., 137 U. S. 171 (opinion 200–203), 11 Sup. Ct. 61, 34 L. Ed. 625; North British & Mercantile Ins. Co. v. Lathrop, 70 Fed. 429, 17 C. C. A. 175.

The counterclaim touches only the matters in question in the original bill; the relief prayed for therein is necessary to a complete determination of the controversy between the parties relating to that subject-matter. The counterclaim does not, in any proper sense, introduce new and distinct matters into the litigation which were not embraced within the original bill. The subject-matter is the same, and the only necessity of a prayer for affirmative relief is to enable a decree to be entered in favor of defendant if the defense is made good.

Defendant further argues that the allegations of the counterclaim make a case concerning the title to a patent, and not merely a cause of action based on contract, and asserts that upon the authorities this court has jurisdiction as of a case arising under the patent laws. No opinion is expressed with reference to this contention.

Complainant also in its brief challenges the sufficiency of facts alleged in the counterclaim to constitute a cause of action in equity. The allegations of the counterclaim, if true, are, in my opinion, sufficient in law. Defendant's right would not be limited to a mere shop right or license, terminable when the licensee ceased to do business thereunder, but amounts to a claim of full and complete title in equity to the inventions embodied in the patent.

An order may be entered, overruling the motion to require an election, and also the motion to strike out the counterclaim. This order may also provide that a separate trial shall now be had of all issues relating to complainant's title to either or both patents sued on, and the defendant's claim of title to one of them. The remainder of the motion will not be disposed of at present, but may be called up for disposition after the trial now ordered is had. The parties should not be required to prepare for hearing upon issues affecting the validity of said patents or the infringement thereof by defendant until questions relating to title have been determined. An exception may be noted on behalf of complainant.