### MOORE v. NEW YORK COTTON EXCHANGE et al.

(District Court, S. D. New York. March 17, 1923.)

1. **Courts ⬉263—Counterclaim must be ancillary to main controversy in absence of diverse citizenship.**

In suit under the Anti-Trust Laws, in which there is no diverse citizenship, counterclaim of which there is no independent federal jurisdiction must be ancillary to the main controversy, as Equity Rule 30 (201 Fed. v, 118 C. C. A. v) cannot extend constitutional jurisdiction of District Court.

2. **Courts ⬉264(1)—Test of whether counterclaim is ancillary to main controversy stated.**

In determining whether counterclaim of which there is no independent federal jurisdiction is ancillary to the main controversy, the question is whether it is necessary to complete disposition of subject-matter of the bill and protection of the rights involved, if the defendants are correct, that the counterclaim should be entertained.

3. **Courts ⬉264(2)—In suit to enjoin refusal of quotations, counterclaim to enjoin purloining of quotations held ancillary.**

In suit against cotton exchange and telegraph companies to enjoin refusal to furnish plaintiff quotations of cotton sales as in restraint of trade, where defendants assert right to withhold quotations, counterclaim for injunction restraining plaintiff from purloining quotations from defendants' customers *held* ancillary to the main controversy and within court's jurisdiction.

---

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Injunction ⬅️136(2)—Cotton exchange held entitled to temporary injunction restraining purloining of quotations.**

On counterclaim by cotton exchange against one from whom it claimed right to withhold quotations of cotton sales, affidavits showing copying of quotations from blackboards of the exchange's customers, when unanswered, *held* to entitle defendants to temporary injunction to protect status quo until hearing.

In Equity. Suit by Frank Moore, president of the Odd-Lot Cotton Exchange of New York, against the New York Cotton Exchange and others. On motion by defendants for preliminary injunction. Motion granted.

Motion for preliminary injunction upon a counterclaim in equity. The plaintiff opposes on the ground that the counterclaim is not within the jurisdiction of the District Court.

The bill is under the Anti-Trust Laws. It alleges that the three defendants by contract in restraint of trade have refused the plaintiff "quotations" of cotton sales on the New York Cotton Exchange, by which alone the plaintiff can conduct its business of selling "odd-lots" of cotton bales, i. e., lots of less than 100 bales. Such quotations are necessary to the conduct of the plaintiff's business since they represent the transactions taking place on the New York Cotton Exchange which fixes the market everywhere. The defendants furnish such quotations to all persons of whom they approve and deny the plaintiff that right in an effort to suppress competition.

The answer denies the purpose to suppress competition, but admits that the defendants have refused to give the quotations to the plaintiff. This refusal they justify because the plaintiff is not engaged in honest business, but either "buckets" its customers' orders or transmits those orders to "bucket shops," or both. The refusal arises from the defendants' desire to promote honest dealing in cotton. The counterclaim which is incorporated with the answer alleges that the plaintiff, not being able to get the quotations from the defendants, either "purloins" the quotations from the defendants or gets them from one who does. When received it uses them for the purpose of "bucketing" orders or enabling "bucket shops" to do so elsewhere. It asks an injunction against the plaintiff's continuation of this practice.

Henry W. Taft, of New York City, and Henry S. Robbins, of Chicago, Ill., for the motion.

John M. Coleman, of New York City, opposed.

LEARNED HAND, D. J. (after stating the facts as above). [1, 2] Under Equity Rule 30 (201 Fed. v, 118 C. C. A. v), there would concededly be no objection to the counterclaim if substantive jurisdiction existed. However, there is not the necessary diversity of citizenship between the plaintiff and the defendants, and therefore the counterclaim will lie only if ancillary to the main controversy; the rule being incapable of extending the constitutional jurisdiction of the District Court. The question therefore is this: Is it necessary to a complete disposition of the subject-matter of the bill and to the protection of the rights involved, if the defendants are correct that the counterclaim should be entertained? This is the result of the cases. Stillman v. Combe, 197 U. S. 436, 25 Sup. Ct. 480, 49 L. Ed. 822; Raphael v. Trask, 194 U. S. 272, 24 Sup. Ct. 647, 48 L. Ed. 973; Cleveland, etc., Co. v. Galion, etc., Co. (D. C.) 243 Fed. 405, 407; Hogg v. Hoag (C. C.) 107 Fed. 807, affirmed 154 Fed. 1003, 83 C. C. A. 677 (C. C. A. 2). The same reasoning lies at the basis of the common rule that when a court has custody of a res,

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

it will entertain all controversies touching claims upon it. The case turns upon an analysis of the pleadings with an eye to this principle.

[3] The bill rests upon a tort, the refusal of the defendants to furnish the quotations to the plaintiff in pursuance of an unlawful agreement to suppress competition. The right of the defendants to withhold its quotations for other reasons is necessarily conceded, but it has no right to make its refusal a step in a scheme to monopolize the business of dealing in cotton. The answer admits the refusal, but denies that it is a step in any such agreement. It asserts the defendants' right to withhold the quotations from this plaintiff because of other reasons.

Thus if the defendants succeed, the decree will either expressly or by implication declare that the defendants have the right to withhold the quotations and that the plaintiff has no right to receive them. On the assumption that the defendants will succeed, the counterclaim asks that this right be protected from the plaintiff's tort of "purloining" the quotations from the defendants' customers. The counterclaim goes upon the legal hypothesis that when the defendants have given the quotations to a customer under agreement that he shall use them only for himself, it is a tort for another to use them in his own business. Whether or not they be right is not for the moment the question, but only whether that relief demanded in the counterclaim will be ancillary to a complete disposition of the controversy in the bill.

It appears to me that it is. The defendants' whole defensive pleading is that they have the right to refuse the quotations, and that if they can establish it they should be immune in its enjoyment from unlawful attack by the plaintiff. The decree on the bill will establish their right against any attack by suit; that on the counterclaim against attack in pais. There is no reason, if the defendants can establish their right by the decree, why the plaintiff should not be forbidden from impairing the value of the decree by tortious interference. A decree under the counterclaim would do no more than secure to the defendant the complete enjoyment of a decree on the bill. It is in every sense ancillary to a complete disposition of the original controversy. Therefore it is not necessary that there should be any independent federal jurisdiction.

[4] Thus the question arises on the merits. The defendants' affidavits show reason to assume that the plaintiff has been copying, or causing to be copied, the quotations from blackboards of the defendants' customers, and these affidavits are unanswered. If so, the cases support the defendants in their position. Board of Trade v. Christie Grain & Stock Co., 198 U. S. 236, 25 Sup. Ct. 637, 49 L. Ed. 1031; McDearmott Com. Co. v. Board of Trade, 146 Fed. 961, 77 C. C. A. 479, 7 L. R. A. (N. S.) 889, 8 Ann. Cas. 759 (C. C. A. 8); Board of Trade v. Price, 213 Fed. 336, 130 C. C. A. 302 (C. C. A. 8).

Therefore the defendants are entitled on this showing to an injunction forbidding the plaintiff from taking their quotations for distribution among its customers. This protects the status quo until after hearing it can be determined whether the defendants are engaged in an unlawful conspiracy.

Motion granted.