## BERKSHIRE REAL ESTATE CO. v. SPAID.
### No. 70—45.

District Court, S. D. New York.

Oct. 3, 1932.

Brown, Brenton & Watts, of New York City (Robert B. Watts, of New York City, of counsel), for the motion.

Robert L. Finley, of New York City, opposed.

WOOLSEY, District Judge.

The motion to dismiss the complaint is denied.

An order will be entered consolidating this cause with Organizing & Developing Corporation, as Assignee of Mervin J. Spaid, v. Berkshire Real Estate Company, now pending on the Equity Docket as No. 57—361,[1] which, as admitted by both parties, involves the same issues as the present cause.

I. An election of remedies cannot, in my opinion, be predicated on the attitude taken by a defendant in his answer filed in another equity cause in the federal courts.

The defendant is not the actor in a case, and Equity Rule 30 (28 USCA § 723) gives him the right to raise inconsistent defenses.

Implicit in that right is the fact that he need not make any election between his inconsistent defenses. Cleveland Engineering Co. v. Galion D. M. Truck Co. (D. C.) 243 F. 405, 406.

A defendant may even ask affirmative relief by a counterclaim inconsistent with a defense in his answer Miller Saw-Trimmer Co. v. Cheshire, 1 F.(2d) 899, 900 (C. C. A. 7).

That, in effect, is what the defendant accuses the plaintiff of doing in this cause and on that he bases his motion to dismiss, which must fail for the reason stated.

II. Admittedly this cause and Equity No. 57—361, brought by Spaid's assignee against the complainant in the instant cause, involve the same circumstances, and if a contract arose from such circumstances, the two causes involve that contract. This court cannot be expected to try the same issue in two different causes between the same parties or their privies.

Accordingly, this cause will be consolidated with Equity No. 57—361 and will be tried when that cause is reached on the calendar in its regular turn.

Settle order on notice.

---

[1] No opinion at date of publication.