## WILLIAMS PATENT CRUSHER & PULVERIZER CO. v. KINSEY MFG. CO.

(District Court, W. D. New York. April 3, 1913.)

1. SET-OFF AND COUNTERCLAIM (§ 26*)—EQUITY STATUTE—INFRINGEMENT OF PATENT—TORTS—UNLAWFUL COMPETITION.

Equity rule 30 (198 Fed. xxvi, 115 C. C. A. xxvi) provides that the answer must state in short form any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce final judgment in the same suit both on the original and cross claims. *Held* that, where complainant sued for infringement of a patent, a claim set up in the answer of unfair competition in trade, consisting of misrepresentations by complainant of its patent rights and the scope thereof, not having arisen out of the same transaction, and not being matter which could have been

litigated by cross-bill, was not available either as a set-off or counterclaim.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 43, 44; Dec. Dig. § 26.*]

2. SET-OFF AND COUNTERCLAIM (§ 33*)—PROPER SUBJECT OF SET-OFF.

A claim for damages arising out of a tort, not connected with the contractual relations on which the suit was brought, is not the proper subject of a set-off, under the rule that in equity a set-off is enforced only when there are mutual debts or mutual credits, or there exists some equitable consideration, or an agreement between the parties, which would render it unjust not to allow the set-off.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 1, 32, 54, 55; Dec. Dig. § 33.*]

In Equity. Suit by the Williams Patent Crusher & Pulverizer Company against the Kinsey Manufacturing Company. On motion to strike out various paragraphs of the answer. Granted.

See, also, 200 Fed. 441.

Charles W. Parker, of Buffalo, N. Y. (Frederick R. Cornwall and Comfort S. Butler, both of St. Louis, Mo., of counsel), for complainant.

James L. Hopkins, of St. Louis, Mo., and Harry O. Kingston, of Buffalo, N. Y., for defendant.

HAZEL, District Judge. This is a motion submitted without argument to strike out various paragraphs of the answer, which aver unfair competition in trade, consisting of misrepresentations by complainant of its patent rights and the scope thereof. The motion is based principally on the ground that the matters averred as defense and counterclaim do not relate to the validity of the patent, or to the defendant's infringement thereof, title thereto, or interest therein. Although this suit was instituted before the new Supreme Court equity rules went into effect, the intendment of rule 81 is fairly applicable. The exceptions filed will be treated as a motion to strike out, and the sufficiency and propriety of the alleged defenses considered.

Rule 30 of the new equity rules (198 Fed. xxvi, 115 C. C. A. xxvi) in part reads as follows:

"The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross claims."

While such rule is based on the English practice, it is no doubt of narrower application. Hopkins' New Federal Equity Rules, p. 163.

[1] The counterclaim asserted in the answer does not arise out of the alleged infringement of the patent which is the subject of the controversy, and it cannot be set up as an affirmative defense. It is not included in the terms "any set-off or counterclaim which might be the subject of an independent suit," as defenses of that description are of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the same class as those which prior to the new equity rules could have been included in a cross-suit. It is difficult to see how, in an action for infringement of a patent, damages may also be awarded under a counterclaim for unfair competition, arising out of misrepresentations as to the scope of the claims, the ownership of the patent, or the effect of the reissue. It may be conceded that the asserted wrongful acts set forth in the answer as having been committed by the complainant constitute an independent right of action, but they nevertheless are not such matters as may be litigated by a cross-bill. A. B. Farquhar Co., Ltd., v. National Harrow Co., 102 Fed. 714, 42 C. C. A. 600, 49 L. R. A. 755; Edison Elec. Lt. Co. v. Sawyer-Man Elec. Co., 53 Fed. 592, 3 C. C. A. 605; National Folding Box Co. v. Robertson (C. C.) 99 Fed. 985; Brown Saddle Co. v. Troxel (C. C.) 98 Fed. 620.

[2] And as the affirmative defenses did not arise out of contractual relations, but from tortious acts, they are clearly not proper subject-matter for set-off. The general rule as announced in Gray v. Rollo, 18 Wall. 629, 21 L. Ed. 927, is that:

"Set-off is enforced in equity only where there are mutual debts or mutual credits, or where there exists some equitable consideration or agreement between the parties which would render it unjust not to allow a set-off."

In Dade v. Irwin, 2 How. 383, 11 L. Ed. 308, the rule is stated thus:

"Courts of equity do not act upon the subject of set-off in respect to distinct and unconnected debts, unless some other peculiar equity has intervened, calling for relief; as, for example, in cases where a mutual credit has been given by each upon the footing of the debt of the other, so that a just presumption arises that the one is understood by the parties to go in liquidation or set-off of the other."

No such relationship or mutual dealings exist between complainant and defendant as to create the presumption of an understanding that such matters should be set off by one as against the other in an action for infringement of patent.

I think, therefore, that the matters contained in the answer, to which exception has been made, do not constitute a set-off or counterclaim such as was contemplated under the new rule 30, and a decree striking out may enter, with costs.