## COOLING TOWER CO., Inc., v. C. F. BRAUN & CO.

(Circuit Court of Appeals, Ninth Circuit. August 4, 1924.)

No. 4221.

1. **Patents ☞328—1,010,020, for improvements in water-cooling tower, held not infringed.**

Coffey patent, No. 1,010,020, for improvements in spacing slats in water-cooling tower, *held* not infringed.

2. **Patents ☞328—1,442,784, for knock-down water-cooling tower, held found in prior art.**

Braun patent, No. 1,442,784, covering knock-down water-cooling tower to be constructed at factory and assembled at place of installation, even if showing invention, *held* found in prior art.

3. **Courts ☞37(3)—Plaintiff, after replying to answer and submitting to trial on merits, could not question court's jurisdiction to entertain counterclaims.**

Even if counterclaims, which did not arise out of same transaction as plaintiff's suit for infringement of patent, might not be permissible under equity rule 30, where plaintiff replied to answer and submitted to trial on merits, it could not question court's jurisdiction to entertain such counterclaim.

4. **Limitation of actions ☞182(7)—Though not actually pleaded, statute deemed pleaded, where leave to amend obtained.**

Where evidence failed to show any acts of unfair competition, as charged in defendant's counterclaim, within four years before suit was brought, and plaintiff obtained leave to amend and plead limitations, *held* that, in equity, statute of limitations, even if not actually pleaded, should be deemed pleaded.

Appeal and Cross-Appeal from the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Suit by the Cooling Tower Company, Inc., against C. F. Braun & Co. From a decree for plaintiff, both plaintiff and defendant appeal. Reversed in part, and affirmed in part.

Edward A. O'Brien, of San Francisco, Cal. (Ashley & Foulds and Andrew Foulds, Jr., all of New York City, of counsel), for appellant and cross-appellee.

Chas. E. Townsend, of San Francisco, Cal. (Wm. A. Loftus, of San Francisco, Cal., of counsel), for appellee and cross-appellant.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. [1] This is a case in which both the plaintiff and the defendant appeal from the decree of the court below. The plaintiff sued the defendant for infringement of letters patent No. 1,010,020, issued November 28, 1911, to Mitchell-Tappen Company as assignee of Barton H. Coffey, for improvements in "devices for cooling liquids." The patent relates to an art which is old, and as to which numerous prior devices had been invented and patented for cooling water by atmospheric action. In the cooling operation the water to be cooled is delivered at the top of an open tower having a plurality of decks, composed of spaced bars or slats one above the other, and it is distributed over the upper deck over which it flows and falls between the bars to a lower deck of similar construction, and thus from deck to deck to a collecting basin at the base. Coffey's invention consists of a deck of parallel drip bars securely fastened at each end by bolts, with spaces between the bars; the adjacent bars being loosely splined together at intervals throughout the entire length, the purpose of the construction being to "prevent loss of water due to windage and to confine the water within the limits of the tower."

The patent contains no assertion of a purpose to obviate warping of the bars or to facilitate longitudinal expansion thereof. The defendant used no movable spline or piece of wood to separate the strips composing the deck, but adopted a metal strip so fastened across the drip slats and bent down between them as to form a spacing device and a casing for the ends of the slats, through which they may expand longitudinally. We agree with the court below that it is very doubtful whether the plaintiff's construction involves invention; but, however that may be, we discover no ground for holding that the defendant has infringed the plaintiff's claims. The plaintiff's splines perform no function in securing the slats to the frame. They lie loose in the grooves of the slats, and may be manually moved longitudinally; but, as the slats are bolted to the frames, no longitudinal movement of the slats is possible, nor is it suggested in the patent. The defendant's spacing metallic straps, on the other hand, are immovably attached to the frames, and, aside from their function of spacing the slats, they serve as guides through which the slats may longitudinally expand. Of course, it will not be asserted that the plaintiff secured by his patent a monopoly of all devices for spacing slats in a water tower.

[2] The defendant in its answer, as a "set-off, counterclaim, and cross-complaint," charged the plaintiff with infringement of letters patent No. 1,442,784, issued January 16, 1923, to Carl F. Braun, for a "water-cooling tower." The patent covers the construction of a tower to be formed at the factory and adapted to be readily assembled

at the point of installation, "thereby insuring that the erection process may be rapidly carried on, and that the cooling tower, when finished, will be of a predetermined standard design." The allegation of infringement is that the plaintiff has constructed water towers with supporting members which hold up the various decks, following the form of construction adopted by Braun, in that the horizontal members of the frame project a considerable distance from the vertical faces of the posts, thus forming outbearing supports for the louvers, the defendant asserting that the novelty of the Braun construction consists in the fact that the deck timbers therein are extended beyond the supporting posts of the tower in one integral piece, whereby the louvers may be so attached thereto as to add strength to the structure while performing their function in the water tower, whereas theretofore two pieces or sections of the timber had been used, one of which, bolted to the inner side of the supporting post, formed the deck support, and the other, bolted to the outside of the post and extending to the top of the louver, formed the louver support.

If Braun had the idea that his form of construction gave added strength to a water tower, he failed to disclose it in his specifications. The sole purpose of his invention, as claimed in his letters patent, was to provide a knock-down water tower, the component units of which were to be constructed at the factory, so as to be readily assembled at the point of installation. We cannot see that his device involved the exercise of the inventive faculty; but, conceding that it did, we think the court below was justified in concluding that the structure was found in the prior art. That such is the case is fairly indicated by the evidence.

[3] The defendant's answer sets forth also,. by way of "set-off, counterclaim, and cross-complaint," a cause of action against the plaintiff, in which it is alleged that the plaintiff for several years had made improper and unlawful use of its ownership of its patents for the purpose of harassing, annoying, injuring, and damaging the defendant in its legitimate business, by threatening the defendant's customers and prospective customers with suits which it had no intention of bringing. No question was made in the court below, nor is any made in this court, of the right of the defendant under equity rule 30 to set out in its answer the set-offs and counterclaims so pleaded. It is obvious that the counterclaims do not arise out of the transaction which is the subject-matter of the plaintiff's suit. They have no relation to the question of the infringement of the plaintiff's patent.

The discussion of the question whether such a counterclaim is permissible under the wording of rule 30 has resulted in conflicting opinions, which as to number are nearly evenly divided. We are inclined to the view that the word "counterclaim," as used in the second part of the rule, includes all cross-claims upon which the defendant might sue the plaintiff in equity, irrespective of their connection with the plaintiff's cause of action, provided that the court would have had jurisdiction of independent suits thereon against the plaintiff. Vacuum Cleaner Co. v. American Rotary Valve Co. (D. C.) 208 Fed. 419; Wire Wheel Corporation v. Budd Wheel Co. (C. C. A.) 288 Fed. 308; Paramount Hosiery Co. v. Walter Snyder Co. (D. C.) 244 Fed. 192; Victor Talk. Mach. Co. v. Brunswick-Balke-Collender Co. (D. C.) 279 Fed. 758. But in either view of the meaning of equity rule 30 we think the jurisdiction of the court to entertain the counterclaims cannot now be questioned, for the plaintiff replied to the answer and submitted to a trial on the merits. The court below granted an injunction restraining the plaintiff from interfering with the defendant's business in the manner so set out in the answer, and decreed that the question of unfair competition be referred to a special master in chancery, to take and state the damages sustain by the defendant and the profits which have accrued to the plaintiff by reason of such unlawful and unfair acts.

[4] The plaintiff contends that there is absence of evidence to support the defendant's allegations. The proofs, however, taken together with the plaintiff's admissions in its reply, are sufficient to show that in the year 1918 the plaintiff committed the acts which are complained of, and wrote letters which are sufficient to sustain the charge of unfair competition. There is no proof, however, of repetition or continuation of such threats or interference after that year. That fact was developed upon the trial, and thereupon the plaintiff obtained permission of the court to amend its reply and plead the statute of limitations, whereby under the law of California such an action was barred upon the expiration of four years. As the answer was filed on February 20, 1923, more than four years had then elapsed. It does not appear, however, from the record, that the statute of limitations was actually pleaded, but we think that in equity it should be deemed to have been pleaded, and that

the demand for damages should have been adjudged to be barred.

We think that the provision of the decree referring the question of damages to the master should be reversed, and that, as so modified, the judgment in all other respects should be affirmed, with costs to neither party on the appeal. It is so ordered.