## FOLBERTH AUTO SPECIALTY v. TRICO PRODUCTS CORPORATION.

(District Court, W. D. New York. April 27, 1925.)

1. Equity ⬅➡65(1)—Defendant's allegations, challenging plaintiff's right to equitable relief, owing to its unclean hands, proper defenses.

Where plaintiff in suit sought equitable relief, defendant's allegations, challenging plaintiff's right to relief, owing to its unclean hands, were proper defenses.

2. Equity ⬅➡263—Verified answer, plainly stating plaintiff's wrongful acts were continuing, sufficient as against motion to strike counterclaim on ground acts were past acts.

Where plaintiff, in motion to strike out defendant's counterclaim, contended that asserted wrongful acts of plaintiff were past acts and had been discontinued, held a verified answer, plainly stating that acts were continuing, and that some had been committed since action was brought, was sufficient as against such motion.

3. Equity ⬅➡263—Counterclaim growing out of subject-matter of bill and not independent thereof must be permitted to stand.

Where counterclaim is one growing out of subject-matter of bill, and not independent thereof, it must be allowed to stand.

In Equity. Suit by the Folberth Auto Specialty against the Trico Products Corporation. On motions by plaintiff to strike out averments of its bill, and also to strike out paragraphs of amended answer. Motions denied.

Miller, Gorham, Wales & Noxon, of Chicago, Ill. (J. William Ellis, of Buffalo, N. Y., of counsel), for plaintiff.

O'Grady, Orr, Morgan & Dudley, of Buffalo, N. Y. (Henry W. Killeen, of Buffalo, N. Y., of counsel), for defendant.

HAZEL, District Judge. Two motions by plaintiff to strike out averments in its bill, and also to strike out paragraphs of the amended answer.

1. In view of the fact that an order has been entered, vacating and setting aside the prior decisions in the Mayo-Skinner Manufacturing Company and Apex Manufacturing Company cases sustaining the patent, I would incline towards permitting the elimination of those adjudications as contained in paragraphs 9 and 10. The plaintiff no longer relies on the effect of prior adjudications, and the answer alleging unclean hands of plaintiff in consequence of the collusive decrees, protects defendant, in my opinion, on this aspect of the case. But I am informed that, since this motion was made before me, Judge Wilkerson, Northern District of Illinois, before whom a similar motion was pending, and who directed the entry of both decrees in the prior adjudications, and is consequently familiar with all the facts and circumstances, has denied the motion to strike out, with leave to renew at the hearing. Such, then, will also be the decision by this court.

[1] 2. As to plaintiff's motion to strike out the counterclaim in paragraph 35 and subdivisions thereof of the amended answer: Defendant, in my opinion, should be permitted to amend by setting up its asserted equitable counterclaim in lieu of the legal counterclaim set forth in the original answer. These defenses relate to unfair competition arising from the fraudulent and collusive acts of defendant in procuring the patent in suit, and from misrepresentation, to dealers in windshields, as to its scope, and asking for an accounting of damages sustained by such wrongful acts. The counterclaim arose out of the transaction which is the subject of the suit, and seems to conform to rule 30 of the Supreme Court Equity Rules. The allegations challenging plaintiff's right to equitable relief owing to its unclean hands, are, I think, proper defenses.

[2] Plaintiff, in support of its motion to strike out and in opposition to permitting the amended answer to stand, contends that the asserted wrongful acts of the plaintiff were past acts and have been discontinued; but the answer, which is verified, plainly states that the wrongful acts are continuing, indeed, that some of the injurious circulars have been mailed since this action was brought, and this, I think, is sufficient. The bill of complaint may, after hearing, be dismissed for failure to establish the validity of the patent in suit or infringement, and in such case damages may be awarded on the counterclaim. The cases of Gerosa v. Apco Mfg. Co. (C. C. A.) 299 F. 19, U. S. Expansion Bolt Co. v. H. G. Kroncke Hardware Co., 234 F. 868, 148 C. C. A. 466, and Onondaga Indian Wigwam Co. v. Ka-Noo-No Indian Mfg. Co. (C. C.) 182 F. 832, apparently bear on this point. Plaintiff cites Amer. Mills Co. v. Amer. Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306, in opposition. That case holds that under rule 30 counterclaims arising from the transaction must be equitable, and not legal, in order to sustain an equitable defense.

[3] Inasmuch as the counterclaim, as I view the defense now, is one growing out of the subject-matter of the bill, and not independent thereof, it must be permitted to stand. The question whether the defendant would be entitled to recover on its counterclaim, if the defense of unclean hands is sustained, need not now be decided, and is reserved to the hearing.

The motions of plaintiff are denied.