## FRANKART, Inc., v. METAL LAMP CORPORATION.

District Court, E. D. New York. May 21, 1929.

Morris Kirschstein, of New York City, for plaintiff.

Dodson & Roe, of New York City, for defendant.

GALSTON, District Judge. This is a motion made by the plaintiff to strike out a counterclaim and special defense set up in the answer. It is asserted that lack of jurisdiction follows because there is no allegation of diversity of citizenship, nor is the counterclaim one arising out of the transaction which is the subject-matter of the suit.

From the complaint it appears that both parties are corporations organized under the laws of the state of New York. The plaintiff is the owner of design letters patent Nos. 75,989, 77,206, 76,612, and 77,659, and the defendant is charged with infringement thereof.

As an additional cause of action, the complaint alleges that the defendant has been guilty of other wrongful acts constituting unfair competition.

The answer to the amended complaint, after denying the infringement of any of the aforesaid letters patent, as a further "separate and specific defense and counterclaim," alleges:

"Defendant further states that all these facts were well known to plaintiff, and when defendant received the original bill of com-

plaint herein it immediately informed plaintiff of these facts, stating that it had no intention of infringing any existing patents, and that it would not knowingly infringe any existing patents; but that plaintiff, notwithstanding the fact that it was placed in possession of information which demonstrated that plaintiff was not entitled to recover any monetary damage, nevertheless demanded of the defendant large sums of money for acts which defendant had done in ignorance of any alleged claim by the plaintiff, and which acts were perfectly lawful at the time they were committed; and plaintiff, actuated solely and entirely by the desire to harass defendant and its customers, caused notice to be served upon Gimbel Brothers, a department store in the city of New York, which had on sale a large number of lamps made by the defendant, which lamps do not infringe any patents owned by the plaintiff, and has threatened said Gimbel Brothers with suit for infringement, and has threatened other customers of the defendant, and has refused to desist from said threats unless the defendant would pay large sums of money to plaintiff to induce plaintiff to refrain from such unlawful threats, made solely for the purpose of harassing this defendant and its customers."

It is contended by the plaintiff that the counterclaim does not come within the scope of Equity Rule 30. This rule reads in part as follows:

"The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject matter of the suit, and may, without cross bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross claims."

From this rule it appears that a counterclaim (a) must be set forth in the answer if it arises out of the transaction which is the subject-matter of the suit; or (b) may be set forth if it could be the subject of an independent suit in equity against the plaintiff.

Our first inquiry, therefore, is to determine whether the counterclaim arises out of the transaction which is the subject-matter of the suit. Obviously it does not, for the subject-matter of the suit is an infringement of design letters patent and of unfair competition arising out of the sale by the de-

fendant of articles in simulation of articles sold by the plaintiff. It is reasonably clear that the alleged wrongful acts of the plaintiff, set forth in the counterclaim, in causing notice to be served upon customers of the defendant, do not arise out of the same transaction as that complained of in the complaint. Hence, measured by that test, the counterclaim herein could not be sustained. Vacuum Cleaner Co. v. American Rotary Valve Co. (D. C.) 208 F. 419.

Can the counterclaim be sustained, therefore, as the proper subject of an independent suit in equity between the parties? Has the defendant under the rule the right to assert any equitable action which it might have? Obviously not. Does not the rule mean that, to be the subject of an independent suit in equity, such suit itself must be one within the jurisdiction of the United States courts? Certainly the Supreme Court, by the adoption of the rule, did not mean to extend the jurisdiction of the federal courts. On the contrary, the object of the rule clearly was to simplify rules of practice and to prevent multifariousness of suits that were properly cognizable by the United States courts under the Constitution and statutes of the United States. If this view is correct, then we must look to the counterclaim for the jurisdictional grounds which would support it. Such a critical examination leads to the observation that there is no allegation of diversity of citizenship.

In Vacuum Cleaner Co. v. American Rotary Valve Co., cited above, it is true that Judge Lacombe, after stating that the counterclaim is not one arising out of the transaction which is the subject-matter of the suit, denied the motion to strike out the counterclaim, saying:

"But it does fall within the second category of counterclaims allowable under new equity rule 30, * * * since it 'might be made the subject of an independent suit in equity against the plaintiff.'"

In that case, however, it appeared that there was a diversity of citizenship.

In the case of Noma Electric Corp. et al. v. Rainbow Electric Co., Equity 43—314 (no opinion filed), the United States District Court for the Southern District of New York, the court held:

"It has been quite generally held that a counterclaim based on unfair competition arising out of the sending of notices of infringement of the patent sued on to defendant's customers and threatening them with suit does not arise out of the transaction which is the subject matter of a suit brought

for the infringement of a patent (Williams Patent Crusher & Pulverizer Co. v. Kinsey Co. [D. C.] 205 F. 375; Cooling Tower Co. Inc. v. C. F. Bruan & Co. [C. C. A.] 1 F.(2d) 178; Electric Boat Co. v. Lake Torpedo Boat Co. [D. C.] 215 F. 377; Ohio Brass Co. v. Hartman El. Mfg. Co. [D. C.] 243 F. 629) and unfair competition cannot be the subject of an independent suit in the Federal court in a case in which the plaintiff and defendant are residents of the same State. See Cleveland Engineering Co. v. Galion Dynamic Motor Truck Co. [D. C.] 243 F. 405; U. S. Expansion Bolt Co. v. Kroncke Hardware Co. [C. C. A.] 234 F. 868. The motion therefore is granted."

█ In reaching the conclusion that the motion must be granted, it is pertinent to call attention to the fact that the plaintiff seems to be blowing both hot and cold, for admittedly it has sought in its own complaint to do the very thing which it criticises in the defendant's practice. The complaint embodies an action in unfair competition, despite the fact that there is no allegation of diversity of citizenship.

Our own Circuit Court of Appeals, in Ingrassia v. A. C. W. Mfg. Corp., 24 F.(2d) 703, wrote:

"This Court and the District Courts of this Circuit have consistently held that, in the absence of diversity of citizenship between the litigants, a patent infringement suit or a statutory trade-mark infringement may not be joined with a suit for unfair competition in trade."

However strong the impulse to follow the equitable doctrine that he who seeks equity must do equity, I am obliged to grant the relief sought by the plaintiff herein, for the court is unable to extend its own jurisdiction.