## TENNESSEE PRODUCTS CORPORATION v. WARNER.

### No. 364.

District Court, M. D. Tennessee. July 19, 1929.

Pitts, McConnico & Hatcher, of Nashville, Tenn., and Darby & Darby, of New York City, for plaintiff.

Keeble & Seay, of Nashville, Tenn., for defendant.

GORE, District Judge.

This is a patent infringement suit, and is now before me upon plaintiff's motion to strike defendant's counterclaim, and also certain portions of his answer on the ground that they are not authorized under Federal Equity Rule No. 30 (28 USCA § 723).

The grounds of the motion to strike the counterclaim are: (a) Because the matters therein set out did not arise out of the transaction which is the subject-matter of the suit; and (b) because defendant could not maintain an independent suit in equity against plaintiff in this court for the reason both are citizens of the same state.

Much has been written upon the subject which is under consideration, and the courts seem to be in hopeless conflict. I have given the question due consideration, and am of opinion that the motion to strike the counterclaim should be sustained because: (a) The validity of defendant's patent (which is junior to plaintiff's patent) is no defense to the allegation that defendant has infringed plaintiff's patent. And, (b) the matters set up in the counterclaim did not arise out of the transaction which is the subject-matter of the suit. Vacuum Cleaner Co. v. American Rotary Valve Co. (D. C.) 208 F. 419; Cooling Tower Co., Inc., v. C. F. Braun (C. C. A.) 1 F.(2d) 178. And (c) the allegations of the counterclaims are the subject of an independent suit in equity, but cannot be maintained in this action, or in this court, because no federal question is involved, and there is not the requisite diversity of citizenship.

I am content to rest my judgment in this matter upon the conclusions reached by Judge Westenhaver, in the case of Cleveland Engineering Co. v. Galion Dynamic Motor Truck Co. (D. C.) 243 F. 405, 407. In that case the court says: "It is true that a set-off or counterclaim which is the subject of an independent suit in equity cannot be sustained, unless some independent ground of federal jurisdiction is shown to support it. The jurisdiction of the court invoked by complainant in its bill, and shown by the allegations thereof, does not aid or support the jurisdiction of this court when the defendant brings forward a set-off or counterclaim which may be the subject of an independent suit, and which does not merely concern matters already put in litigation by the original bill. It follows, therefore, in that situation, if there is not diversity of citizenship, or if the subject-matter of a counterclaim is not within the jurisdiction of a federal court, the counterclaim should be stricken out for want of jurisdiction. Equity rule 30 (201 F. v, 118 C. C. A. v) could not, even if so intended, enlarge the jurisdiction of a court of equity, or of a federal court"—citing authorities.

I do not think this in conflict with the holding of Judge Denison in Vogue Co. v. Vogue Hat Co. (6 C. C. A.) 12 F.(2d) 991, 995, cited by counsel for defendant. That was a case where the plaintiff was suing for the infringement of a registered trade-mark, and also for unfair competition. There was a real and substantial federal question involved—infringement of a registered trade-mark—giving the court jurisdiction, and the question of unfair competition was incidental. Further, the acts which constituted the infringement of the registered trade-mark and unfair competition were the same, which is not true in the instant case. The reasons for holding in that case that the District Court had jurisdiction is expressed in the following language: "Accordingly we conclude that since the acts which in this case constitute the claimed infringement of a registered trade-mark and the claimed unfair competition are, at least in sufficient degree, the same acts, and, since it is to be assumed that the trade-mark registry was valid, the court had jurisdiction to enjoin the unfair competition, although it had decided that the registered trade-mark was not infringed. * * * *"

The counterclaim in the instant case presents a new controversy, not covered by the original bill, and sets up a condition, or series of acts and conduct, which are not germane or incidental to, but independent of, the acts complained of in the original bill, and constitute an independent cause of action.

I think suit may be brought in a District Court for infringement of a patent, and also for unfair competition in the same action, even if the parties be citizens of the same state, provided the acts of defendant are related to the same subject-matter. That is to say, the defendant may be guilty of infringing plaintiff's patent, and by the same acts, be guilty of unfair competition. But where the defendant, as in the case here, brings forward a counterclaim, and seeks affirmative relief upon allegations which do not arise out of the transaction which is the subject matter of the original suit, but which are the subject of an independent suit against plaintiff, and do not arise under the Constitution and laws of the United States, this court would not have jurisdiction to entertain same, unless diversity of citizenship existed.

Plaintiff also moves the court to strike certain portions of defendant's answer because, "not responsive to the averments of the bill of complaint, or which do not constitute a defense to plaintiff's cause of action, and such statements are therefore impertinent and improper, and should be stricken out in view of the provisions of Equity Rules 21 and 30" (28 USCA § 723), and "because the answer contains allegations which are argumentative and statements of evidence, and offend against rule 30." I think the answer somewhat prolix, but from the nature of the defense, and in an effort to avoid a mere general denial, which is prohibited by Rule 30, it is somewhat difficult to frame an answer which would be free from the criticism offered. It is true that defendant goes somewhat into detail in stating the process under which he operates his blast furnace in the manufacture of ferrophosphorus, and in stating the reason why he has not infringed plaintiff's patent. No injury, however, is done plaintiff by giving it the advantage of defendant's process in advance of the trial. It enables plaintiff to ascertain in advance, whether or not the processes employed by defendant are infringing its patent, and no injury is done it. Therefore, I am of opinion that the motion to strike the specific averments in the answer, as set out in the motion, should be overruled.

A decree will be entered accordingly.