McCABE & SCHOENHOLZ, Inc., v. FRANK J. QUIGAN, Inc.

District Court, E. D. New York. December 17, 1929.

No. 4631.

Maurice W. Monheimer, of New York City, for plaintiff.

C. P. Goepel, of New York City, for defendant.

GALSTON, District Judge. The plaintiff moves that the counterclaim set up in the answer be stricken out on the ground that the court has no jurisdiction and because the counterclaim on its face is insufficient to constitute a valid cause of action in equity.

It will be necessary to consider only the former ground.

The action is one for the infringement of letters patent. The counterclaim alleges unwarranted notices of infringement. It is alleged that these notices set forth an improper construction of the scope of the alleged invention; and that the plaintiff, through its officers, endeavored to intimidate defendant's customers and so to coerce them as to impair defendant's business.

There is no diversity of citizenship between the parties.

In consequence the question is whether the defendant comes within the provisions of Equity Rule 30 (28 USCA § 723) in respect to the setting up of counterclaims.

Equity Rule 30 reads as follows: "The answer must state in short and simple form any counter-claim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counter-claim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counter-claim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross-claims."

Obviously and admittedly the counterclaim herein could not be the subject of an independent suit in equity in the Federal Court. Does it then arise out of the transaction which is the subject-matter of the suit?

The defendant seeks to distinguish Frankart, Inc., v. Metal Lamp Corporation (D. C.) 32 F.(2d) 920, and the authorities cited therein. In effect the defendant argues that since the plaintiff by its acts has sought unfairly to interpret in its notice of infringement the scope of the claims of the patent, the counterclaim arises from the subject-matter of the suit. This can hardly be so. The subject-matter of the suit is the infringement of the patent. What the plaintiff may say about the scope of its patent is of no materiality. It is for the court to determine what the scope of the defendant's monopoly right is, if any.

I cannot see the application of American Mills Co. v. American Surety Co., 260 U. S. 361, 43 S. Ct. 149, 67 L. Ed. 306, cited by the defendant. The opinion in that case merely holds that Equity Rule 30, in providing that the answer must state any counterclaim arising out of the transaction which is the subject-matter of the suit, applies not to legal but to equitable claims.

Certainly, also, Electric Boat Co. v. Lake Torpedo Boat Co. (D. C.) 215 F. 377, 386, also cited by the defendant, does not support the contention made by the defendant. On the contrary, in the opinion of that case it is said: "Aside from the limitation of this mandatory provision of rule 30, it is manifest from the asserted facts that the alleged unfair competition is not an incident of the cause of action alleged in the plaintiff's bill, and necessary to be decided to do complete justice between the parties as to that subject-matter, but that the alleged unfairness in such charge of infringement is an incident of the business methods of the plaintiff and which give rise to the charge of unfair competition. The unfair competition alleged, if established, will in no way diminish the right of the plaintiff to a decree in this suit, and will in no way entitle the defendant to any affirmative relief on any matter arising out of the transaction furnishing the basis of either his or the plaintiff's infringement suit. On

the face of the defendant's pleading, the conclusion is irresistible that the unfair dealings here alleged cannot be said to arise out of any particular transaction, but out of many, and that, whatever redress the defendant may be entitled to, it can only obtain through a separate and independent suit brought for such purpose."

Reference is made also to Folberth Auto Specialty v. Trico Products Corporation (D. C.) 10 F.(2d) 365. The facts insufficiently appear from this opinion to enable one to determine exactly upon what the decision is based, but enough is indicated to show that questions of collusively obtaining the patent and collusively obtaining decrees in prior litigations involving the same patent were involved—a situation quite different from that presented in this case. It does not appear from that opinion that the counterclaim would have been sustained had the allegations been limited to misrepresentations in respect to the scope of the patent.

Accordingly, the motion must be granted.