**GENERAL ELECTRIC CO. et al. v. FANSTEEL PRODUCTS CO., Inc.**

District Court, S. D. New York.

Nov. 16, 1931.

Watson, Bristol, Johnson & Leavenworth, of New York City (Lawrence Bristol, of New York City, of counsel), for plaintiffs.

Pennie, Davis, Marvin & Edmonds, of New York City, for defendant.

FRANK J. COLEMAN, District Judge.

The only question raised is whether the counterclaim arises out of the transaction which is the subject-matter of the suit. The suit is to restrain a patent infringement, and the answer alleges in addition to invalidity and noninfringement a counterclaim asking for injunction against the plaintiffs to restrain them from injuring the defendant's business by circulating in the trade charges that defendant's product violates plaintiffs' patents and misleading assertions that defendant's product embodied patents owned by the plaintiffs. There is no complete diversity of citizenship between the parties, so that this court has no jurisdiction of the counterclaim unless it arises out of the transaction which is the subject-matter of the suit.

If the case were one of novel impression, I would have little hesitancy in ruling that the counterclaim should not be stricken out. The subject-matter of the suit is the violation of plaintiffs' patent rights by defendant's product, and if this violation does not exist the defendant may be entitled to enjoin the plaintiffs from doing what the counterclaim alleges they do. The present motion is not addressed to the sufficiency of the counterclaim, but merely presents the question whether it arises out of the transaction which is the subject-matter of the suit. This transaction includes plaintiffs' ownership of valid patents and infringement of them by defendant's product. The transaction set up in the counterclaim includes both those elements in the negative, together with the additional element that the plaintiffs are circulating injurious charges and misleading statements which are improper because of the absence of validity in the patents or of infringement by defendant's product, or both. The questions presented by both the bill and the counterclaim are, therefore, identical, except for the making of charges and statements by the plaintiffs as alleged in the counterclaim. This new element does not prevent the counterclaim from "arising" out of the same transaction, as was pointed out by the Supreme Court in Moore v. New York Cotton Exchange, 270 U. S. 593, 46 S. Ct. 367, 371, 70 L. Ed. 750, 45 A. L. R. 1370.

In the case cited the suit was to restrain defendants from depriving the plaintiff of

market quotations and a counterclaim sought to enjoin the plaintiff from purloining them. The court said:

" 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. The refusal to furnish the quotations is one of the links in the chain which constitutes the transaction upon which appellant here bases its cause of action. It is an important part of the transaction constituting the subject-matter of the counterclaim. It is the one circumstance without which neither party would have found it necessary to seek relief. Essential facts alleged by appellant enter into and constitute in part the cause of action set forth in the counterclaim. That they are not precisely identical, or that the counterclaim embraces additional allegations, as, for example, that appellant is unlawfully getting the quotations, does not matter. To hold otherwise would be to rob this branch of the rule of all serviceable meaning, since the facts relied upon by the plaintiff rarely, if ever, are, in all particulars, the same as those constituting the defendant's counterclaim. Compare The Xenia Branch Bank v. Lee, 7 Abb. Prac. (N. Y.) 372, 390, 394. And see, generally, Cleveland Engineering Co. v. Galion D. M. Truck Co., supra [D. C.] page 408 [of 243 F.]; Champion Spark Plug Co. v. Champion Ignition Co. (D. C.) 247 F. 200, 203, 205.

"So close is the connection between the case sought to be stated in the bill and that set up in the counterclaim, that it only needs the failure of the former to establish a foundation for the latter; but the relief afforded by the dismissal of the bill is not complete without an injunction restraining appellant from continuing to obtain by stealthy appropriation what the court had held it could not have by judicial compulsion."

The case at bar cannot, in my opinion, be distinguished from that decision. If, for instance, the trial should disclose that defendant's product is not so close to the patents as to infringe, a mere dismissal of the bill might not give the defendant a complete remedy. Perhaps that adjudication might deter the plaintiffs from continuing the wrongful acts alleged in the counterclaim so that the court might feel it unnecessary to enjoin them in the future; but it is impossible to determine that at this time, and the sufficiency of the allegations to constitute a cause of action is not questioned.

Four decisions of the District Court to the contrary are cited by the plaintiffs which the defendant's counsel concedes he is unable to distinguish from the present case. Two of these are in this district, Nome Electric Corporation v. Rainbow Electric Co., Equity 43–314; Art Metal Works, Inc., v. Auto Match Corporation 36 F.(2d) 954. And two in the Eastern District of New York, Frankart, Inc., v. Metal Lamp Corporation, 32 F.(2d) 920; McCabe & Schoenholz, Inc., v. Frank J. Quigan, Inc., 36 F.(2d) 1000. In none of those cases does it appear that the court's attention was called to the decision of the Supreme Court in Moore v. New York Cotton Exchange, supra, with which the rulings, I believe, are inconsistent.

Under the circumstances, therefore, I am constrained to differ from them and to deny the motion. Settle order on notice.