UNIVERSAL RADIATOR PRODUCTS CO., Inc., v. CRAFTSMAN RADIATOR ENCLOSURE CO., Inc.

No. 5664.

District Court, E. D. New York.

Oct. 11, 1932.

Davidson & Davidson, of New York City (David Haar, of New York City, of counsel), for plaintiff.

Prindle, Bean & Mann, of New York City (Edwin J. Prindle, of New York City, of counsel), for defendant.

INCH, District Judge.

These two motions can be disposed of in one memorandum.

Plaintiff has sued defendant for alleged infringement of a patent. The answer of the defendant contains the usual denials, one being a denial that the alleged inventor was the "first, original, and sole inventor."

The burden of proof on plaintiff needs no comment.

The defendant, however, has pleaded a counterclaim which, in substance, also charges that this alleged inventor did not invent the invention, but, on the contrary, fraudulently represented to the government that he was the inventor, and that thereafter, after the granting to him of the patent, he, with full knowledge of all the facts and in bad faith, assigned it to the plaintiff, which has brought suit against defendant, sought to intimidate its customers, etc. The defendant in substance charges an actual fraud by plaintiff and its assignor on defendant.

In this state of affairs two motions are before me: One made by defendant for a temporary injunction restraining plaintiff from claiming to defendant's customers that they are infringing and threatening suit for infringement against them, etc.; the other by plaintiff for an order dismissing the counterclaim for lack of jurisdiction and for failure to state sufficient facts.

While a decision of plaintiff's motion would possibly dispose of the entire question, it seems best, for the reasons to be briefly stated, that defendant's motion for an injunction be first considered.

In substance, defendant asks this court to decide an important question of fact in advance of a trial and merely on affidavits. It needs no citation for the court to say that such procedure is rarely allowed. In view of the conflict existing on the face of the affidavits submitted, this is not a case where the court should thus decide such questions. Both sides apparently wish a quick trial. The equity calendar of this court is in such condition that a trial may be had with reasonable promptness. Any application for further advancement of the cause may be made to the judge holding the equity term on proper facts.

Under the circumstances, therefore, the motion for injunction is denied.

The remaining motion relates, as I have said, to the counterclaim. Both counsel discuss unfair competition and whether or not there is jurisdiction here over an independent suit. It seems to me that the facts before me differ from those in some of the cases presented. Here the defendant expressly charges fraud in obtaining the patent and employed by the plaintiff as well as the inventor.

To be sure, it may be that the allegations are not as ample as might be desired, but at the same time the fact is that a fraud is plainly charged sufficiently for this motion.

The result is that plaintiff must prove that its assignor was the true inventor, and this issue has been duly raised by the answer. If plaintiff fails, defendant will succeed, but the burden of proving the fraud in that case would be upon the defendant, and

it should have allegations in its pleading in order to do so.

Thus, if plaintiff succeeds, defendant's counterclaim amounts to nothing, but, if defendant succeeds, it should be in a position to go further than a mere dismissal of the complaint, and, as the fraud alleged directly relates to the obtaining of the patent and its alleged infringement by defendant, which is the subject-matter of the suit, it can reasonably be said to have arisen out of or because of the transactions of the alleged inventor with both the government and the plaintiff and the latter's complaints against the defendant and its customers.

Of course, the fraud here alleged is claimed by defendant to be by the inventor and plaintiff. It could not be an attempt to attack the obtaining of the patent. Philadelphia, W. & B. R. Co. v. Dubois, 12 Wall. (79 U. S.) 47, 20 L. Ed. 265; Western Glass Co. v. Schmertz, etc., Co., 185 F. 788–791 (C. C. A. 7th); Walker on Patents (Lotsch) vol. 1, § 382.

Nor because of the presence of this alleged fraud does a conflict arise with such cases as Frankart, Inc., v. Metal, etc., Corp. (D. C.) 32 F.(2d) 920, and cases cited therein by Judge Galston with which I am in entire accord. See for example Folberth Auto Specialty v. Trico Products Corp. (D. C.) 10 F.(2d) 365; McCabe & Schoenholz v. Quigan, Inc. (D. C.) 36 F.(2d) 1000.

In other words, sufficient appears to justify, in my opinion, a denial of this motion, the result of the granting of which would only be to unnecessarily delay the trial, as its denial, so far as I can see, imposes no hardship upon plaintiff, for it certainly is already compelled to be prepared to prove, regardless of any counterclaim, that its assignor was the real and true inventor which, if so found, will dispose of the entire matter.

At the trial on proper facts there proved, the proper motions can and may be renewed.

The motion of the defendant for an injunction is denied. The motion of plaintiff for a dismissal of the counterclaim is denied, with the right to reply within ten days from the date of the order to be entered hereon, the date of the issue of this cause to remain unchanged, without prejudice to either party to present proper facts to the judge holding equity term, should advancement of the cause be deemed necessary.

Settle orders on notice.