### KAUMAGRAPH CO. v. GENERAL TRADE MARK CORPORATION et al.

District Court, S. D. New York.

March 25, 1935.

Mock & Blum, of New York City, for plaintiff.

Harry Price, of New York City, for defendants.

PATTERSON, District Judge.

The suit is one in equity for infringement of patent. The defendant's answer, after denials, sets up a counterclaim for unfair competition. The substance of the counterclaim is that the plaintiff has maliciously and in bad faith threatened the defendant's customers with patent litigation under the patent sued on, and, unless enjoined, will continue to do the defendant irreparable injury. The present motion is by the plaintiff to dismiss the counterclaim for lack of jurisdiction. There is no diversity of citizenship.

There is an unfortunate division of opinion on the point whether in a suit for patent infringement, with diversity of citizenship absent, the defendant may plead a counterclaim for injunctive relief against unfair competition in the plaintiff's use of the alleged patent. It has been held that the counterclaim must be dismissed for want of jurisdiction. United States Ex-

pansion Bolt Co. v. Kroncke Hardware Co., 234 F. 868 (C. C. A. 7); Frankart v. Metal Lamp Corporation (D. C.) 32 F. (2d) 920; McCabe & Schoenholz v. Quigan (D. C.) 36 F.(2d) 1000; Universal Radiator Products Co. v. Craftsman Radiator Enclosure Co. (D. C.) 2 F. Supp. 205, all in the Eastern District; Noma Electric Corporation v. Rainbow Electric Corporation (D. C.) 12 F. Supp. 229, decided by Judge Bondy in this district. On the other hand, a line of later cases is to the effect that such a counterclaim is appropriate. Naivette v. Philad Co., 54 F.(2d) 623, 624 (C. C. A. 6); General Electric Co. v. Fansteel Products Co. (D. C.) 5 F. Supp. 828, by Judge Coleman in this district; Chernow v. Cohn. & Rosenberger (D. C.) 5 F. Supp. 869, by Judge Goddard in this district. In the latter cases reliance is placed on Moore v. New York Cotton Exchange, 270 U. S. 593, 46 S. Ct. 367, 70 L. Ed. 750, 45 A. L. R. 1370. I am persuaded that these authorities lay down a sound rule.

The authority for counterclaims in suits in equity is Rule 30 of the Equity Rules (28 USCA following section 723). The second paragraph of the rule reads: "The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set up any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final decree in the same suit on both the original and the cross-claims."

Two classes of counterclaims are sanctioned. The first comprises counterclaims "arising out of the transaction which is the subject-matter of the suit." The second class is broader. It comprises counterclaims "which might be the subject of an independent suit in equity" against the plaintiff.

As to the second class, it is well understood that the counterclaim must be on a cause of action, not merely of equitable cognizance, but also within the jurisdiction of the federal court. The fact that the plaintiff's cause of action is within the jurisdiction will not suffice. Cleveland Engineering Co. v. Galion Truck Co., 243 F. 405 (D. C. Ohio). Cf. Hurn v. Oursler, 289 U. S. 238, 53 S. Ct. 586, 77 L. Ed. 1148. But with counterclaims of the first class, those arising out of the transaction sued on, it is not required that there be independent ground of federal jurisdiction. Moore v. New York Cotton Exchange, supra, 270 U. S. 593, at page 609, 46 S. Ct. 367, 70 L. Ed. 750, 45 A. L. R. 1370. Such a counterclaim is like the old cross-bill, an auxiliary of the original, and the jurisdiction of the original bill supports the cross-bill. Cross v. De Valle, 1 Wall. 1, 17 L. Ed. 515; Milwaukee & M. R. Co. v. Chamberlain, 6 Wall. 748, 18 L. Ed. 859. If, then, the defendant's cause of action for unfair competition can properly be deemed to arise out of the same transaction as the plaintiff's cause of action for patent infringement, it is a permissible counterclaim, and there is no jurisdictional infirmity because of lack of diversity of citizenship.

In the Moore Case, supra, suit was brought under the anti-trust laws to enjoin the defendants from refusing to furnish the plaintiff with cotton quotations. The defendants set up a counterclaim to the effect that the plaintiff was purloining their quotations and asking that continuance of the practice be enjoined. There was no diversity of citizenship; the federal jurisdiction resting solely on the plaintiff's claim that the anti-trust laws were being violated. It was held that the counterclaim was one arising out of the transaction sued upon, within the first class of counterclaims provided for in rule 30. The court said (270 U. S. 593, page 610, 46 S. Ct. 367, 371, 70 L. Ed. 750, 45 A. L. R. 1370):

" 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. The refusal to furnish the quotations is one of the links in the chain which constitutes the transaction upon which appellant here bases its cause of action. It is an important part of the transaction constituting the subject-matter of the counterclaim. It is the one circumstance without which neither party would have found it necessary to seek relief. Essential facts alleged by appellant enter into and constitute in part the cause of action set forth in the counterclaim. That they are not precisely identical, or that the counterclaim embraces additional allegations, as, for example, that appellant is unlawfully getting the quotations, does not matter. To hold otherwise would be to rob this branch of the rule of

all serviceable meaning, since the facts relied upon by the plaintiff rarely, if ever, are, in all particulars, the same as those constituting the defendant's counterclaim."

The connection here between the case stated in the bill and the case stated in the counterclaim is fully as close as in the Moore Case. The case in the bill is the plaintiff's alleged patent, plus the defendant's alleged infringement. The case in the counterclaim also involves the alleged patent and the alleged infringement, together with incidental acts of the plaintiff in pushing its patent claims. Without the plaintiff's claim of patent and the defendant's acts characterized as infringements, there would be no grievance by either party. I am of opinion that the counterclaim arises out of the transaction which is the subject matter of the suit.

Rule 30 cannot, of course, operate to broaden the jurisdiction of the court. General Electric Co. v. Marvel Co., 287 U. S. 430, 53 S. Ct. 202, 77 L. Ed. 408. But this is not to say that it should not be construed liberally. American Mills Co. v. American Surety Co., 260 U. S. 360, 365, 43 S. Ct. 149, 67 L. Ed. 306. As matter of adjective law, it is plainly an advantage and a convenience to both parties to try out in the one suit all phases of the controversy between them.

The motion to dismiss the counterclaim will be denied.